*MARY E. MOONEY v. LOUIS J. HAUCK.

**Abutter Liable for Injury to Pedestrian on a Defective Walk.**

An abutting owner is liable to a pedestrian, injured by a fall caused by a defective covering of an areaway beneath the sidewalk, notwithstanding the statutory duty of the municipality to keep sidewalks in repair; the question whether the defect in this particular instance was of such a character as to become a nuisance is one which should be submitted to the jury.

[Syllabus by the court.]

ERROR to common pleas court.

*Otis H. Fisk* and *Sanford Brown,* for plaintiff in error:

The abutting landowner is bound to keep in repair coalholes, areaways, etc.

*Babbage* v. *Powers,* 130 N. Y. 281 [29 N. E. Rep. 132; 14 L. R. A. 398]; *West Chicago Masonic Assn.* v. *Cohn,* 192 Ill. 210 [61 N. E. Rep. 439; 85 Am. St. Rep. 327]; *Canandaigua (Tr.)* v. *Foster,* 156 N. Y. 354 [50 N. E. Rep. 971; 41 L. R. A. 554; 66 Am. St. Rep. 575]; *Phoenixville* v. *Iron Co.* 45 Pa. St. 135; Elliott Rd. & Str. (3 ed.) Sec. 902; 15 Am. & Eng. Enc. Law (2 ed.) 419; *Rupp* v. *Burgess,* 70 N. J. Law 7 [56 Atl. Rep.

---

*Affirmed, no op., Hauck v. Mooney, 91 O. S. 000; 60 Bull. 113.

Mooney v. Hauck.

166]; *Omaha* v. *Trust Co.* 88 Neb. 519 [129 N. W. Rep. 996];
*Curran* v. *Flammer,* 62 N. Y. Supp. 1061.

The abutting owner Hauck is liable regardless of the question of the liability of a city.

*Morris* v. *Woodburn,* 57 Ohio St. 330 [48 N. E. Rep. 1097];
*Gates* v. *Railway,* 150 Pa. St. 50 [24 Atl. Rep. 638; 16 L. R. A.
554]; *O'Malley* v. *Gerth,* 67 N. J. Law 610 [52 Atl. Rep. 563];
*Landru* v. *Lund,* 38 Minn. 538 [38 N. W. Rep. 699]; *Calder* v.
*Smalley,* 66 Iowa 219 [23 N. W. Rep. 638; 55 Am. Rep. 270];
*Davenport* v. *Ruckman,* 37 N. Y. 568; *Tobin* v. *Railway,* 59 Me.
183 [8 Am. Rep. 415]; *McDaneld* v. *Logi,* 143 Ill. 487 [32 N. E.
Rep. 423].

The landlord is liable if the defect or nuisance exists when the lease is made.

*Whalen* v. *Gloucester,* 4 Hun. (N. Y.) 24; *Kalis* v. *Shattuck,* 69 Cal. 593 [11 Pac. Rep. 346; 58 Am. Rep. 568]; *Swords* v.
*Edgar,* 59 N. Y. 28 [17 Am. Rep. 295]; *Durant* v. *Palmer,* 29
N. J. Law 544.

*Harmon, Colston, Goldsmith & Hoadly* and *Oscar Stoehr,*
for defendant in error:

Cited and commented upon by the following authorities:
*Jansen* v. *Atchison,* 16 Kan. 358; *Rochester* v. *Campbell,* 123
N. Y. 405 [25 N. E. Rep. 937; 10 L. R. A. 393; 20 Am. St. Rep.
760]; *Rupp* v. *Burgess,* 70 N. J. Law 7 [56 Atl. Rep. 166];
*Wilhelm* v. *Defiance,* 58 Ohio St. 56 [50 N. E. Rep. 18; 40 L.
R. A. 294; 65 Am. St. Rep. 745]; *Keokuk* v. *Independent District of Keokuk,* 53 Iowa 352 [5 N. W. Rep. 503; 36 Am. Rep.
226]; *Kirby* v. *Market Assn.* 80 Mass. (14 Gray) 249 [74 Am.
Dec. 682]; *Canandaigua (Tr.)* v. *Foster,* 156 N. Y. 354 [50 N.
E. Rep. 971; 41 L. R. A. 554; 66 Am. St. Rep. 575]; *Morris* v.
*Woodburn,* 57 Ohio St. 330 [48 N. E. Rep. 1097]; *Henderson*
v. *Reed,* 23 Ky. L. Rep. 463 [62 S. W. Rep. 1039]; *Mineral City*
v. *Gilbow,* 81 Ohio St. 263 [90 N. E. Rep. 800; 25 L. R. A. (N.
S.) 627]; *Kellogg* v. *Traction Co.* 80 Ohio St. 331 [88 N. E.
Rep. 882; 23 L. R. A. (N. S.) 158; 17 Ann. Cas. 242]; *Sammins* v. *Wilhelm,* 3 Circ. Dec. 587 (6 R. 565); *Gable* v. *Toledo,*
9 Circ. Dec. 63 (16 R. 515); *Vandyke* v. *Cincinnati,* 12 Dec. Re.

778 (1 Dis. 532); *Shindelbeck* v. *Moon*, 32 Ohio St. 264 [30 Am. Rep. 584]; *Collins* v. *Schmidt*, 11 Dec. Re. 103 (24 Bull. 453); *Nelson* v. *Canisteo*, 100 N. Y. 89 [2 N. E. Rep. 473]; *Bourget* v. *Cambridge*, 159 Mass. 388 [34 N. E. Rep. 455]; *Johnon* v. *Grunkemeyer*, 11 Dec. 412 (8 N. P. 274); *Cincinnati* v. *Fleischer*, 63 Ohio St. 229 [58 N. E. Rep. 568]; *Louth* v. *Thompson*, 1 Pennewill's (Del.) 149 [39 Atl. Rep. 1100]; *Ohliger* v. *Toledo*, 10 Circ. Dec. 762 (20 R. 142); *Cushing* v. *Boston*, 128 Mass. 330 [35 Am. Rep. 383]; *Elster* v. *Springfield*, 49 Ohio St. 82 [30 N. E. Rep. 274]; *Stone* v. *Light Co.* 20 Dec. 130 (9 N. S. 545); *Iroquois Hotel Co.* v. *Columbus*, 18 Dec. 662 (5 N. S. 357); Dillon, Mun. Corp. Sec. 1720 (5 ed.) p. 5; *Matthews* v. *DeGroff*, 13 App. Div. 356 [43 N. Y. Supp. 237]; *Spaine* v. *Stiner*, 51 App. Div. 481 [64 N. Y. Supp. 655]; *Davenport* v. *Ruckman*, 37 N. Y. 567; *Wolf* v. *Kilpatrick*, 101 N. Y. 146 [4 N. E. Rep. 188; 54 Am. Rep. 672]; *West Chicago Masonic Assn.* v. *Cohn*, 192 Ill. 210 [61 N. E. Rep. 439; 55 L. R. A. 235; 85 Am. St. Rep. 327].

Ohio cases: *Shindelbeck* v. *Moon*, 32 Ohio St. 264 [30 Am. Rep. 584]; *Edwards* v. *Rissler*, 26 O. C. C. 428 (5 N. S. 44), affirmed, no op., *Edwards* v. *Rissler*, 69 Ohio St. 572; *First Nat. Bank* v. *Gillen*, 27 O. C. C. 609 (7 N. S. 33); *Burton Tp.* (*Tr.*) v. *Tuttle*, 30 Ohio St. 62.

**JONES, O. B., J.**

The action below was for damages resulting from injuries suffered by reason of a fall caused by a defect in a sidewalk, while plaintiff was walking thereon. It was brought against the owner of the premises abutting upon the defective sidewalk. The defects alleged consisted of an open areaway constructed and used in connection with the house of the defendant extending into the sidewalk about three or four feet and along the front four or five feet, the covering of which areaway was iron or metal containing many round openings two or three inches in diameter, made for the purpose of being covered or filled with pieces of glass commonly called bulls-eyes; and said covering was defective and unsafe in that many of said openings or perforations were not closed up, filled or covered but were open

### Mooney v. Hauck.

and unprotected. Plaintiff alleged that while exercising due care as a pedestrian she stepped upon such covering whereupon the heel of one of her shoes caught in one of said unprotected openings and caused her to fall and fracture her ankle. She charges negligence against the defendant in creating and permitting said defect, in permitting said openings to remain open and so maintaining them in this defective condition, and charges knowledge of said defendant concerning such condition, or that by the exercise of due and ordinary care and diligence on his part defendant could or would have known of said defect in time to have had same repaired and thereby avoided injuries to the plaintiff.

Defendant demurred to the amended petition, and the court below sustained said demurrer, and the final judgment was entered in favor of the defendant. Defendant insists that the primary duty of keeping streets and sidewalks in proper repair and condition rests upon the city and not upon the owner of abutting property, and that therefore the demurrer was properly sustained. Elaborate and exhaustive briefs have been filed by each side, in addition to the full oral argument that was made to the court, but it is not deemed necessary by the courts to discuss the numerous authorities set out by each side. The case of *Morris* v. *Woodburn,* 57 Ohio St. 330, seems to cover the principle of the case at bar. The syllabus is as follows:

"If the owner of a lot abutting upon a street of a municipality, for the use of his property, constructs a vault under the sidewalk over which he negligently places and maintains a defective covering, he is liable directly to a footman injured thereby, notwithstanding the omission by the municipality of the duty imposed upon it by statute to keep the street in re pair."

In the opinion of the court, Shauck, J., uses the following language:

"But while the tort of the city consisted in the failure to discharge a duty imposed by statute, that alleged in the amended petition against Mrs. Morris, consisted in the creation of a nuisance, dangerous to those using the walk. These are con-

current and related torts, but they are not joint. In view of their independent character, the plaintiff might, at her election, maintain her action against either the city for its omission of duty, or against Mrs. Morris for the creation of the nuisance which occasioned her injury. And it appears from reason and authority that the primary liability in such case is upon him who actively creates the nuisance; so that if a recovery were had against the city it might in turn recover from the perpetrator of the wrong. *Chicago* v. *Robbins,* 2 Black 418; *Chicago* v. *Robbins,* 4 Wall. 657; *Rochester* v. *Campbell,* 123 N. Y. 405.''

It is urged by counsel for defendant however that the principle of this case is limited to an act of commission on the part of the owner; that the allegation must appear in the petition directly charging the property owner with the defective construction of something that becomes a nuisance, in addition to its continued maintenance. We do not think that the language is to be so narrowed as is contended for, but that where the original construction might have been without fault, if it should be allowed by reason of accident or nonrepair to become a nuisance, such failure to repair might itself become the creation of a nuisance and come within the terms of the above case.

The question raised by the petition is one of fact, and should have been submitted to a jury in accordance with the principles laid down in the recent case of *Gibbs* v. *Girard,* 88 Ohio St. 34. The demurrer to the amended petition below should have been overruled.

The judgment is therefore set aside, and the cause remanded for further proceedings.

**Swing** and **Jones, JJ.,** concur.