DEBAR, ADMR., *v.* WALSH ET AL., EXRS., ETC

*Landlord and tenant — Negligence — Original defect in premises —*
*Liability to third persons — Tenant in possession.*

The owner of premises who leases them when there is a defect in the original construction, is liable to a third person for injuries received while a tenant is in possession, if the proximate cause of the accident was the defect existing at the time of the demise of the premises.

(Decided April 7, 1919.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Robert S. Alcorn* and *Mr. John Thorndyke,* for plaintiff in error.

*Messrs. Robertson, Buchwalter & Oppenheimer,* for defendants in error.

SHOHL, P. J.   Plaintiff in error, who was likewise plaintiff below, brought an action as administrator of the estate of Barbara Thomas, deceased, against defendants, for injuries causing death.   To plaintiff's second amended petition the court sustained a demurrer, and rendered judgment for defendants. The second amended petition, after alleging the appointment and qualification of the administrator, states that the defendants are the personal representatives of the estate of Nicholas J. Walsh; that they are now, and Nicholas J. Walsh was, the owner of the property situated at Pioneer and Broadway, Cincinnati; that defendants negligently and carelessly constructed a building on said premises so that the transoms thereof were not secured and not fitted with devices to secure them when open; that the transoms were negligently and carelessly permitted to open and close with the atmospheric movements; that the same were liable to be violently closed and the glass therein shattered; and that defendants negligently and carelessly maintained said premises in said defective and unsafe condition until the 21st day of May, 1917, when one of said transoms was violently shut by a movement of the air.   The glass therein was shattered and precipitated to the sidewalk, causing the injury and death of plaintiff's decedent, who was lawfully on the sidewalk on the north side of Pioneer street in front of said property, which was occupied as a temporary court-house building. The action is brought on behalf of the parents and next of kin.

It does not appear in the petition that defendants were not in control of the building, although the

defendants urge that the court may take judicial notice to that effect. Even if the court were to take judicial notice that there is a lease of the building—and no satisfactory authority is cited to sustain the contention that it may know such matter judicially—the petition is not demurrable. The law as to the liability of lessors is well stated in 1 Tiffany on Landlord and Tenant, Sections 101 and 102. In Section 101:

"The rule as to the lessor's liability, above stated, that he is liable for a condition existing at the time of the demise or for any use of the premises by the tenant which may have been contemplated by him, and not otherwise, though simple and reasonable in itself, is sometimes difficult of application. The simplest case is when the injury results from a condition which existed on the premises at the time of the lease, without reference to the mode in which the tenant uses the premises, or to whether he uses them at all, as when the lessor is held liable for injuries caused by the fall of a chimney, owing to the structural defects existing at the time of the demise, or for those caused by the defective condition at that time of the fastenings of the cover to a coal hole in the sidewalk. In such a case a condition which existed at the time of the demise is evidently the sole cause of the injury."

See also Taylor on Landlord and Tenant (9 ed.), Section 175, and *Schwalbach* v. *Shinkle, Wilson & Kreis Co. et al.,* 97 Fed. Rep., 483.

The petition charges such improper construction of the building as constitutes a menace to persons on the street. The situation is analogous to the case of injuries caused by the fall of a chimney,

owing to structural defects existing at the time of the lease, referred to in the foregoing excerpt. See also Tiffany, Section 103-B. In all the leading treatises on the subject reference is made to the Ohio case of *Shindelbeck* v. *Moon*, 32 Ohio St., 264. The court there discusses the general question of law in the course of the opinion. The court says, at page 269:

"The owner of premises. who leases them when they are in such want of repair or bad condition as to be a nuisance, or when, from the ordinary course of events, they must become so, and receives rent for their use, is liable to a third person for injury happening in consequence of this defective condition or nuisance. In such case the landlord had the control of the property at the time the trouble was occasioned, and he might have removed it."

At page 271 the court approves the rule stated in Wharton on Negligence as follows:

"Wharton on Neg., § 817, says: 'An owner, being out of possession, and not bound to repair, is not liable in this action for injuries in consequence of his neglect to repair. But where the nuisance existed when the property was leased to the tenant, the landlord may be held liable.' "

At page 273 the court quotes the following from *Owings* v. *Jones*, 9 Md., 109:

" 'Where property is demised, and at the time of the demise is not a nuisance, and becomes so *only* by the act of the tenant, while in his possession, and injury happens during such possession, the owner is not liable.' "

The court adds:

"But where the owner leases premises which are a nuisance, or must, in the nature of things, become so by their uses, and receives rent, then, whether in or out of possession, he is liable for injuries resulting from such 'nuisance'."

And at page 275 the court concludes:

"If the defect is inherent in the original construction, and this occasions the injury, then the landlord or lessor is responsible; but when the defect arises after the lease, then the tenant is responsible."

The foregoing states the law. If there was a defect in the original construction of the building, and this was the proximate cause of the injury, the owner is liable, even though there is a tenant in possession.

The judgment of the court of common pleas will be reversed.

*Judgment reversed.*

HAMILTON and CUSHING, JJ., concur.