SCHERMAN, A MINOR, ETC., v. ALLARD.

*Negligence—Landlord and tenant—Pedestrian falls into area-way—Defective and dangerous condition ·existed when premises demised—Error to direct verdict for landlord.*

It is error for the trial court to grant defendant's motion for an instructed verdict at the close of plaintiff's evidence, in an action for personal injuries sustained by falling into an areaway in the sidewalk in front of defendant's premises, although the premises were rented and occupied by tenants at the time of the injury, where the petition alleges that the defendant constructed the areaway in the sidewalk in a defective and dangerous way and the evidence discloses that at the time of the accident complained of the areaway was in the condition in which it was when first constructed.

(Decided June 18, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Alcorn & Alcorn,* for plaintiff in error.
*Mr. Bert H. Long,* for defendant in error.

HAMILTON, J.    The plaintiff, a girl five years of age, brought her action by her next friend against the defendant, Allard, claiming damages for personal injuries received in front of the premises of Allard.

The charge of negligence in the petition is that the defendant constructed or suffered to remain in the sidewalk abutting his premises a hole between ten and twelve feet deep, about forty-three

---

Landlord and Tenant, 36 C. J. §§ 950, 953, 976; Trial, 38 Cyc. p. 1578.

inches wide; that said hole or areaway was located entirely within the limits of the public sidewalk; that the defendant constructed or suffered there to remain a small porch and steps in front of said premises, and over a part of said areaway; that said porch and steps were used by people in going to and from the defendant's property, and were constructed entirely within the limits of the public sidewalk; that said structure was dangerous and defective, and defendant carelessly and negligently maintained an unsafe and insecure railing around such porch and steps; that said railing was inadequate to keep children from falling into the areaway, and was rotten and defective and insecurely fastened; that while plaintiff was lawfully using the sidewalk in front of the premises, and while in the exercise of ordinary care, plaintiff came in contact with said railing; and that, on account of its rotten and defective condition, the same gave way and precipitated plaintiff to the floor of the areaway, ten or twelve feet below, resulting in serious injuries.

At the close of plaintiff's evidence, defendant moved for an instructed verdict, which motion the court granted, and the jury returned a verdict for the defendant. A motion for a new trial was overruled and judgment entered on the verdict. Plaintiff prosecutes error from that judgment.

The only error argued in the brief or in oral argument was that the court erred in sustaining the motion and instructing a verdict for the defense.

The evidence of plaintiff disclosed that the premises were under contract of rental to two different

persons, one of whom occupied the first floor, and the other, the second.

It is argued in the brief of defendant that the case was within the rule of *Burdick* v. *Cheadle,* 26 Ohio St., 393, and *Shindelbeck* v. *Moon,* 32 Ohio St., 264, which cases hold, in substance, that a landlord who has demised property, parting with possession and control thereof, to a tenant in occupation, is not responsible for injuries arising from the defective condition of such premises, when that defect arose during the continuance of the lease. Undoubtedly that is the rule of property laid down by the Supreme Court, and is the law of Ohio, but the question is: Is that rule applicable to the instant case?

The charge in the petition is that the defendant constructed the areaway, steps and porch, and that they were constructed in a dangerous and defective way.

In the case of *DeBar, Admr.,* v. *Walsh et al., Exrs.,* decided by this court, reported in 11 Ohio App., 75, it is held in the syllabus:

"The owner of premises who leases them when there is a defect in the original construction, is liable to a third person for injuries received while a tenant is in possession, if the proximate cause of the accident was the defect existing at the time of the demise of the premises."

In 1 Tiffany on Landlord and Tenant, Section 101, the rule is stated thus:

"The rule as to the lessor's liability, above stated, that he is liable for a condition existing at the time of the demise or for any use of the premises by the tenant which may have been con-

templated by him, and not otherwise, though simple and reasonable in itself, is sometimes difficult of application. The simplest case is when the injury results from a condition which existed on the premises at the time of the lease, without reference to the mode in which the tenant uses the premises, or to whether he uses them at all, as when the lessor is held liable for injuries caused by the fall of a chimney, owing to the structural defects existing at the time of the demise, or for those caused by the defective condition at that time of the fastenings of the cover to a coal hole in the sidewalk. In such a case a condition which existed at the time of the demise is evidently the sole cause of the injury.''

In the case of *Shindelbeck* v. *Moon*, 32 Ohio St., 264, the court says in the opinion, at page 269:

''The owner of premises who leases them when they are in such want of repair or bad condition as to be a nuisance, or when, from the ordinary course of events, they must become so, and receives rent for their use, is liable to a third person for injury happening in consequence of this defective condition or nuisance. In such case the landlord had the control of the property at the time the trouble was occasioned, and he might have removed it.''

In the case of *Mooney* v. *Hauck,* 1 Ohio App., 432, the syllabus holds:

''The abutting owner becomes liable to a pedestrian who is injured by a fall caused by a defective covering of an areaway beneath the sidewalk, notwithstanding the statutory duty of the municipality to keep sidewalks in repair, and the question wheth-

er the defect in a particular instance was of such a character as to become a nuisance is one which should be submitted to the jury.''

In the case of *Morris* v. *Woodburn,* 57 Ohio St., 330, the syllabus is as follows:

''If the owner of a lot abutting upon a street of municipality, for the use of his property, constructs a vault under the sidewalk over which he negligently places and maintains a defective covering, he is liable directly to a footman injured thereby, notwithstanding the omission by the municipality of the duty imposed upon it by statute to keep the street in repair.''

The court in that case, says in the opinion, page 335:

''And it appears from reason and authority that the primary liability in such case is upon him who actively creates the nuisance.''

In the case at bar defendant was called for cross-examination, and gave the following testimony (Record, page 8):

''Q. Your answer is that the areaway is not built in the sidewalk?

''A. Well, I can't say. The City gave me authority to do what I did do there and so I don't know anything about what I had to do or not until I got it from them.

''Q. Now what authority did the City give you?

''A. Why that there areaway, when I bought it from Mr. Lueders it was a fence clear out in the middle of the street at the time all caved in and everything and I went over and wanted to know how I could fix that up and they told me how to fix it up.

"Q. And you fixed that areaway in the condition it was when this child was injured?

"A. Yes sir; that areaway is fixed the way the child was injured.

"Q. And so far as the hole there in the walk is concerned or wherever it is, on your property or in the sidewalk, it is the same now as it was when the child was injured?

"A. Yes sir.

"Q. Did you do the work yourself on it?

"A. I did the mason work. I had a carpenter to do my carpenter work."

This evidence clearly shows that the defendant landlord was solely responsible for the condition, that he actually created the areaway, steps and porch, and he states, as recorded above in his evidence, that "that areaway is fixed the way the child was injured."

The record shows that it is agreed that the areaway, steps and porch are constructed within the sidewalk limits, as shown by photographs attached to the bill of exceptions. If otherwise applicable, this would take the case out of the rule laid down in the case of *Railroad Co.* v. *Harvey,* 77 Ohio St., 235.

The responsibility of the defendant was charged in the petition, and established by plaintiff's evidence.

Something is claimed in the defendant's brief to the effect that the porch and steps, although on the street, were private property, and that the child was a trespasser in being on the steps. This could have no effect on the case, as the use of

the sidewalk for that purpose would not exclude the public from its rights to the use of the street.

Whether or not the steps and porch were within the law of an attractive nuisance is not necessary to determine, although the facts do suggest the rule.

The case should have been submitted to a jury, and the granting of the motion for an instructed verdict was error.

The judgment will be reversed and the cause remanded for a new trial.

*Judgment reversed.*

CUSHING and BUCHWALTER, JJ., concur.