Industrial Commission v. Joyce, as cited above, will be found in 5 Abs. 760.

---

COUNTER v. TIEDEMAN et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1931. Decided Jan. 30, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**887. PARTIES—465. Error Proceedings.**

Where A sues B and C jointly, and secures judgment against C, B not proper party to error proceedings by C against A.

**225. CHARGE OF COURT.**

Reading of section of statutes, where there was no issue upon which such section could have bearing, held not prejudicial error.

**118. AUTOMOBILES.**

1. Section 6310-28 GC. held not to apply where automobiles are proceeding in the same direction.

2. Section 6310-28a GC. held to give right of way to vehicle approaching from right, where path of two vehicles intersect. No intersection of paths or of streets unless such paths or streets cross each other.

Error to Common Pleas.
Judgment affirmed.

Harris & Kaplin and Wm. H. McLellan, Toledo, for Counter.

Calkins, Storey & Nye, Toledo, for Tiedeman et.

STATEMENT OF FACTS.

Mary Helen Tiedeman, the plaintiff below, brought an action in the Common Pleas Court against Henry Bender and John S. Counter, as defendants, to recover for injuries sustained in an automobile collision which took place at 7:30 P. M. March 5, 1926, at the junction of Madison and Woodruff Avenues in the City of Toledo. Upon trial of the case in the Common Pleas Court, the jury returned a verdict, in favor of the plaintiff, for $1,000 against the defendant John S. Counter and found in favor of the defendant Henry Bender. Judgment was entered on such verdict and this proceeding in error is brought by John S. Counter, as plaintiff in error, seeking a reversal of the judgment of the court below.

The evidence discloses that Woodruff Avenue, in the City of Toledo, runs east and west, and that Madison Avenue, running somewhat west of a northerly direction, terminates at its northwesterly end in a junction with Woodruff Avenue at an angle of about thirty-five degrees. At the time in question, the plaintiff was sitting in a car headed east on Woodruff Avenue, and one Sourthern was the driver thereof. The car driven by Counter was going west on Woodruff Avenue and that driven by Bender approached Woodruff Avenue from Madison Avenue and turned from Madison Avenue onto Woodruff, going along Woodruff in a westerly direction. The cars of Counter and Bender collided in Woodruff Avenue at about the west side of the junction. Thereupon the car of Bender was thrown into the car in which the plaintiff was riding, causing injuries to her.

Henry Bender, who is joined as a defendant in error in this proceeding, has filed in this court a motion for an order dismissing the petition in error as to him.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

WILLIAMS, J.

We think this motion should be sustained. Plaintiff below might have filed a motion for a new trial as against the defendant Henry Bender and, upon the overruling of the motion and entering of judgment in favor of the defendant Bender, the plaintiff below might have prosecuted error or filed a cross petition in error in this proceeding. Such action was not taken. The defendants, if both liable, were jointly and severally liable as joint tort feasors, and the plaintiff in error can not complain because a verdict was not returned in favor of the plaintiff below against a joint tort feasor with whom he was sued jointly. This ruling is in accordance with that made by this court in the case of Maud Raydure Rogers v. Florence I. Martin Ziegler, et. No. 1543. The petition in error will therefore be dismissed as to the defendant Henry Bender and the service of summons in error made upon him is quashed, vacated and set aside.

There remains for us to consider the other alleged ground of error which is that the court erred in his charge to the jury.

We think it was not prejudicial to the rights of plaintiff in error for the court to read to the jury Sec. 6310-33 GC. as above quoted, as there is nothing in the charge explanatory of this section. The plaintiff in error claims there was no issue upon which the section

could have a bearing. Even so, the plaintiff in error could not be prejudiced by a mere reading thereof to the jury, in the light of the whole charge.

It is contended that the other portions of the charge of the court above quoted constitute prejudicial error for the reason that due weight is not given to Section 6310-28 GC. and Section 6310-28a GC. It will be observed, however, that under 6310-28 GC. right of way means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path. The evidence shows that the automobiles of the two defendants below were going in the same direction. The statute was therefore not applicable. As to Section 6310-28a, we hold that it only gives the right of way to a vehicle approaching from the right where the paths of the two vehicles intersect. There is no intersection of paths or of streets unless such paths or streets cross each other. Atwood v. Connecticut Co. 82 Conn. 539; 74 Alt. 899; 901; Godfrey v. City of New York; 93 N. Y. Supp., 899; 903; 104 App. Div. 357. Section 6310-28a, therefore, has no bearing upon the case at bar.

On the whole, we think that the charge was more favorable to the plaintiff in error than he had a right to expect. There is, however, no error in the charge prejudicial to the rights of the plaintiff in error.

The judgment will be affirmed.

(Richards and Lloyd, JJ. concur.)