DODSON, APPELLEE, *v.* THE NEW ENGLAND TRUST CO., TRUSTEE, APPELLANT, ET AL., APPELLEE.

(No. 4151—Decided May 6, 1946.)

*Messrs. Cotter & McFellin* and *Mr. Percy R. Taylor,* for appellee Helen Wenner Dodson.

*Mr. Gerald P. Openlander,* for appellant.

*Mr. George II. Lewis* and *Mr. Ralph Emery,* for appellee Toledo Service Parking Company.

CONN, J. The plaintiff, an appellee herein, brought an action in the Court of Common Pleas against The New England Trust Company, defendant, appellant herein, as successor trustee, and Toledo Service Parking Company, Inc., defendant, an appellee herein, to recover damages which it is alleged she sustained when a defective sidewalk adjacent to the premises owned or occupied by defendants broke and gave way, whereby she was precipitated into an areaway underneath the alleged defective sidewalk and injured.

The jury returned a verdict in favor of plaintiff for $15,000 against the defendant-appellant and judgment was entered thereon. An appeal to this court was taken by the trust company seeking a reversal of the judgment of the trial court.

The plaintiff and defendant-appellant will be referred to as plaintiff and defendant, respectively, and the defendant-appellee as parking company or lessee.

No verdict having been returned against the parking company and no motion for a new trial having been filed by plaintiff, the trial court adjudged that the case be dismissed as to the parking company, and that it recover its costs herein.

The parking company has filed in this court a motion for an order dismissing the appeal as to it, and we have come to the conclusion that this motion is well taken and should be sustained.

If the defendant and the parking company were liable in damages to plaintiff, such liability would be joint and several and defendant cannot be heard to complain that no verdict was found against the parking company, a joint tort feasor and co-defendant in the trial court. The appeal is dismissed as to the parking company.

Briefly, the errors relied on by defendant are as follows:

1. The verdict is not sustained by the evidence and is contrary to law.

2. Error in the admission of evidence and refusal to admit evidence, and in the admission of certain exhibits.

3. Error in refusal to give special requests of defendant and in giving a special request of plaintiff for instructions before argument.

4. Errors in the general charge of the trial court and in the refusal of the court to give further instructions as requested by the jury.

5. Misconduct of counsel in argument to the jury and excessive verdict indicating passion and prejudice.

The defendant concludes its brief with the broad claim that this case should not have gone to the jury as against the defendant and the parking company and that, in the light of the law, the defendant should have been discharged as a party defendant, as there was no evidence to go to the jury that the premises were in a defective condition when the parking company entered into possession, all of the evidence offered as to defective condition being of a highly speculative character; that there was no showing that the defendant knew of the existence of the subspace under the sidewalk prior to plaintiff's injury; that under the law and ordinances of the city of Toledo the owner of premises is under no obligation to effect repairs unless and until he is ordered to do so by the proper city officials and no such order was made in this case; that defendant parking company, as lessee in full possession and control of the premises was primarily responsible for the defective condition of same; and that the plaintiff being entitled to one recovery only, the court is compelled to hold that the parking company, as lessee, by virtue of the terms of the lease, agreed to assume any and all obligations of the defendant as lessor. This

summation of defendant's claims calls for an examination of the issues raised on the pleadings and the evidence adduced upon the trial.

Plaintiff alleges in her petition, as amended by interlineation, that on February 25, 1944, at about eight o'clock in the evening, she was walking in an easterly direction on Jackson street in Toledo and, when she had reached a point about 90 feet from the intersection of Jackson and Superior streets, one of the slabs of the sidewalk upon which plaintiff stepped broke in the middle and she was precipitated into the areaway beneath the sidewalk, whereby she sustained injuries of a painful and serious character; and that the sidewalk was defective and constituted a public nuisance.

It is also alleged by plaintiff that the defendant was appointed successor trustee under the will of Robison Locke, deceased, October 28, 1936, and as such trustee owned and controlled the property adjacent to and abutting the defective sidewalk; that at the time of defendant's appointment as successor trustee and many years prior thereto such premises were improved by a commercial building with a basement approximately ten feet deep which extended under the sidewalk to the northeasterly curb line of Jackson street; that such building, basement and the sidewalk above referred to were constructed by the predecessors in title to defendant; and that the subspace under the sidewalk was constructed for the uses and purposes of defendant and its predecessors in title.

It is alleged also that in July 1937 the defendant caused the commercial building to be torn down and removed, the basement to be filled in level with the sidewalk, and the areaway underneath the sidewalk to be blocked off without filling same; that at the time plaintiff received her injuries, the parking company was a tenant of defendant and in possession of the

premises above referred to; that defendant and the parking company knew or should have known of the existence of the areaway underneath the sidewalk, the defective manner in which the sidewalk was constructed, and the dangerous condition of the sidewalk at and prior to the time of plaintiff's injury; and that the negligence of defendant and the parking company was the proximate cause of plaintiff's injury.

Further, it is alleged that, subsequent to the construction of the building, basement and sidewalk by the predecessor in title of defendant, to wit, December 2, 1918, the council of the city of Toledo passed an ordinance establishing requirements for the use, by abutting property owners and users, of subspaces under sidewalks, which ordinance was amended January 17, 1921. Plaintiff pleads certain sections of the ordinance relating to the construction of any space under a sidewalk and the covering of same, so as to render the sidewalk over such subspace safe and convenient for public travel, and providing that if subspace be constructed otherwise or permitted to get out of repair, the same shall be rebuilt by the occupant or person in possession thereof upon proper notice by the director of public safety, and that "the provisions of this article shall apply to said subspaces that have heretofore been constructed or may be hereafter constructed."

The ordinance provides also that no person shall use any such subspace without first obtaining a permit from the director of public safety, and that the application therefor shall show the location and intended use of such subspace and the manner it is constructed or is to be constructed.

It is alleged that, subsequent to the enactment of the ordinance, the defendant and its predecessor in title and their tenants used the subspace and it continued

to exist as part of the commercial building; and that the defendant and its predecessor in title failed and neglected to make application for and obtain a permit to use or maintain the subspace and covering for same.

The answer of defendant, after certain admissions and a general denial, contains a second and a third defense. In the second defense it is alleged that at the time plaintiff received her injuries and prior thereto the premises were occupied by the parking company under a written lease and such company was in the exclusive possession, management and control of the premises. In the third defense, the defendant alleges that under the terms of its lease, the maintenance, control and repair of the sidewalk were made the duty and obligation of the parking company.

The answer of the parking company contains certain admissions, specific denials and a general denial.

It is undisputed that the defendant, as successor trustee, held the legal title to the real estate upon which the sidewalk, causing the plaintiff's injury, abutted; that, at the time defendant acquired the title, the premises consisted of a commercial building, basement and subspace under the sidewalk on Jackson street abutting such property; that the defendant razed the building in the summer of 1937, filled up the basement and leveled off the lot but did not fill the space under the sidewalk on Jackson street; that the unimproved lot was leased to the parking company on September 2, 1942, for the purpose of open air automobile parking; and that such company was in possession of the lot at the time the sidewalk collapsed.

In addition to these admitted facts, the evidence shows or tends to show that the building on the property, including the basement and subbasement under the sidewalk, was constructed more than 50 years prior to the time plaintiff received her injuries; that

in the construction of the building an areaway, about 3½ feet wide, for light and air was provided between the main wall of the building and a wall parallel thereto, which, together with another wall along the curb line of the street, supported the sidewalk over the subspace; that there were openings as a means of egress from the basement into this areaway, and from it into the subspace under the sidewalk; and that this subspace could be and was used as additional basement space by the occupants of the building.

The evidence shows or tends to show also that there was a defect in the sidewalk stone or slab which subsequently broke and injured plaintiff; that the defect was due to some foreign material or deposit through the center of the stone slab; that this caused the lower portion, by action of the elements, to separate from the upper, over a period of years, and break or scale off, and caused the broken parts to fall into the subspace; and that the stone originally was about 10 inches thick but at the time it broke it was less than half of its original thickness.

It further appears from the evidence that the defect in the stone which collapsed could have been detected from an inspection of its edges, but after the stone was put in place, this defect was not apparent upon view of the surface; that the deterioration of the stone was apparent from the subspace underneath, many years before the collapse; that at the time of plaintiff's injury there was nothing to direct the attention to the existence of the subspace under the sidewalk except the two or three manholes some distance westerly from the place where the stone walk collapsed; and that at the time the defendant was appointed as successor trustee it sent an agent to Toledo to inspect the property and to ascertain its condition.

First, we shall consider the assignment of error that

the verdict is not sustained by the evidence and is contrary to law.

The defendant contends that a landlord out of possession and control owes no duty to a third person sustaining injuries as a result of the defective condition of the leased premises, and that in the instant case the parking company as lessee, by virtue of the terms of its lease, knew of the existence of the subsidewalk space and was charged with notice of any defects in the premises. The soundness of this contention appears to have a narrow application and rests upon a limited factual basis.

If the owner of premises is out of possession and control, as where the premises are in the possession and control of a tenant, the owner is not liable as a general rule to third persons who come upon the premises as invitees or licensees of the tenant and while there sustain injuries by reason of some defect in the premises. The rule of nonliability of the owner under this state of facts is recognized in a number of cases. *Burdick* v. *Cheadle,* 26 Ohio St., 393, 20 Am. Rep., 767; *Shindelbeck* v. *Moon,* 32 Ohio St., 264, 30 Am. Rep., 584; *Stackhouse* v. *Close,* 83 Ohio St., 339, 94 N. E., 746; *Marqua* v. *Martin,* 109 Ohio St., 56, 141 N. E., 654; *Berkowitz* v. *Winston,* 128 Ohio St., 611, 193 N. E., 343; *Ripple* v. *Mahoning National Bank,* 143 Ohio St., 614, 56 N. E. (2d), 289.

In the instant case, the plaintiff was not an invitee or licensee of the parking company and did not enter upon the premises owned by the defendant and by it leased to the parking company. When injured, plaintiff was on the sidewalk of a public street. This fact is the focal point of the case. If any latitude is assumed at this point, the reported cases confuse, rather than clarify. The rule is well settled in this state that a pedestrian has an action for damages for personal in-

juries proximately caused by a defective condition in the sidewalk created or negligently maintained by an owner or occupier of the abutting property for his own use and benefit, such as an opening in the sidewalk or an excavation underneath where same is defectively constructed or covered or is negligently maintained in a defective condition, and such pedestrian may maintain such action against the owner of the abutting property or against the occupier thereof, or both, subject to the relationship and corresponding duty each had as to the alleged defect. *Hawver* v. *Whalen*, 49 Ohio St., 69, 29 N. E., 1049, 14 L. R. A., 828; *Morris* v. *Woodburn*, 57 Ohio St., 330, 48 N. E., 1097; *Herron* v. *City of Youngstown*, 136 Ohio St., 190, 24 N. E. (2d), 708; *Globe Indemnity Co.* v. *Schmitt,* 142 Ohio St., 595, 53 N. E. (2d), 790; *Mooney* v. *Hauck*, 1 Ohio App., 432; 28 Ohio Jurisprudence, 632, Section 400; 62 A. L. R., 1067, annotation.

Defendant contends further that ''even assuming that the premises were in a defective condition at the time the lease was entered into, the parking company is chargeable with the trust company for the maintenance of such defective condition from and after the date of the lease''; and that ''the parking company, as lessee of the premises, could under no circumstances escape liability.'' This contention deserves consideration and a careful review of the authorities.

Broadly speaking, ''the obligation owed to third persons by a tenant in possession of demised premises is the same as the obligation owed to third persons by an owner of premises who is in possession thereof.'' 24 Ohio Jurisprudence, 1001, Section 253.

It appears from the decided cases that the owner of a building adjacent to a public street owes a duty to the public to exercise ordinary care in the management and use of the property and to inform himself

of its condition, and if a potentially dangerous condition is created by the owner or negligently maintained, such as a subspace under the sidewalk adjacent to the property, the owner is liable in damages to a pedestrian who sustains injuries proximately caused by such defect. Under the foregoing situation, if the owner leases the premises and the lessee takes possession and control of same and continues such defective condition after actual or constructive notice of its existence, such lessee may also be liable and a joint or several action may be maintained by the injured pedestrian. *Debar, Admr.*, v. *Walsh et al., Exrs.*, 11 Ohio App., 75; *Yackee, Admx.*, v. *Village of Napoleon*, 135 Ohio St., 344, 21 N. E. (2d), 111; *Freyer* v. *White*, 21 C. C. (N. S.), 225, 33 C. D., 324; *Friedl* v. *Lackman*, 136 Ohio St., 110; 24 Ohio Jurisprudence, 966, Section 218; 32 American Jurisprudence, 641, Section 757; 36 Corpus Juris, 243, Section 954; Restatement of Torts, 1013, Section 379.

This action is predicated on an alleged joint tort of defendant as owner and the parking company as tenant. The issue of joint and several liability thus raised was for the jury. It determined the issues of fact against the defendant and in favor of the parking company. Its verdict is sustained by credible evidence and does not appear to be manifestly against the weight of the evidence. Under the great weight of authority, the verdict and judgment thereon in the instant case are not contrary to law. Furthermore, the cause of action being the alleged "joint or concurrent wrongful acts" of the defendant and parking company, the defendant cannot complain in this action that there was no finding and judgment against the parking company. 39 Ohio Jurisprudence, 232, Section 23; *Counter* v. *Tiedman*, 29 Ohio App., 489, 163 N. E., 915; *Armour & Co.* v. *Reams, Admr.*, 31 Ohio App., 390, 166 N. E., 592.

We will now consider the remaining assignments of error.

First, there was claimed error in admitting and refusing to admit certain evidence, and in admitting certain exhibits.

The errors complained of in admitting testimony relate to the testimony as to tax valuations for the years, 1883, 1884 and 1885. This evidence tends to show that within this period the property was substantially improved. It is not apparent how this evidence was material, but it does not appear to be prejudicial.

Testimony over defendant's objection was received relative to the issuance of permits for the construction or maintenance of subspace under the sidewalk abutting on the premises in question and which tended to show that there was no ordinance prior to December 2, 1918, requiring a permit from the city before any one could construct a subspace under a sidewalk. Further, complaint is made that, since the ordinance, or that part of it pleaded, related to subspace "used in connection with the adjacent building" and since the building was subsequently razed, the ordinance had no application to this case. However, there is evidence in the record that the subspace was so used. It does not appear that the admission of this evidence was erroneous.

Defendant complains that the trial court erred in refusing to admit in evidence the entire lease between defendant and the parking company and in admitting two sections thereof. Only sections 18 and 27 of the lease were brought to the attention of the jury. Those sections related to the right of the lessor and its agents to enter upon the premises and "examine the condition thereof" and to the matter of the payment by lessee of any fees imposed by the city for use as rental of sub-

space under any walk "in connection with said demised premises."

The trial court stated to the jury that the lease would be admitted for a limited purpose, that is, as bearing on the question whether as a matter of law the parking company leased the subspace and for what purpose the jury might consider sections 18 and 27 of the lease. The court in its general charge instructed the jury that section 18 might be considered for the purpose of determining whether the defendant exercised any control over the leased premises, including the subspace, and that section 27 might be considered by the jury in determining whether the parking company had actual or constructive notice "of the existence or maintenance and manner of control of such subspace." In view of the issues raised on the pleadings and the evidence adduced in this case tending to show that the subspace and the covering of the same were in a defective condition prior to the execution of the lease, we conclude that no error was committed by the trial court in excluding the lease or in bringing to the attention of the jury sections 18 and 27 thereof for the purposes limited by the instructions.

Exhibits admitted over the objection of defendant have received consideration. The defendant admitted in its answer and disclosed in the testimony of one of its officers that it was appointed successor trustee in 1936, had caused the premises to be inspected, later the building thereon razed, and, after the sidewalk collapsed, had the same repaired. The purpose of offering and receiving the building permit for authority to raze the building and the correspondence between the defendant and its agent in Toledo concerning those matters and the matter of repairs to the sidewalk after its collapse is not apparent. However, we do not feel that any prejudice to the defendant

resulted from the admission of any of the exhibits complained of.

Defendant complains that prejudicial error was committed by the trial court in its general charge to the jury and in its failure to give certain instructions specially requested before argument. The defendant's numerous objections to the charge as given and its requests to charge are centered on its claim of non-liability as a matter of law. The claim of nonliability rests on the contention that the city ordinance pleaded and introduced in evidence had no application to the defendant; that no duty was cast upon it with regard to the subspace and defective covering, for the reason that the parking company, as lessee, was in possession and control of the premises upon which the collapsed sidewalk abutted; and that no notice to repair the sidewalk prior to its collapse had been given the defendant by the city. We can not agree with this contention.

As already pointed out, the question of liability of the defendant and parking company on the issues raised on the pleadings and the evidence was for the jury. The utility of the subspace in relation to the building as it once existed is not only inferable from the means of ingress and egress provided in the original construction, but there is credible evidence in the record that it was so used by defendant's predecessors in title. The defendant's possession of the building from the time of its appointment as successor trustee to the time the building was razed not only creates an inference of knowledge of the utility of the subspace but also an inference of knowledge of its existence and of the deteriorated condition of the sidewalk at the time the lease was executed, and prior thereto.

Furthermore, in view of the provisions of the ordinance expressly applicable to the construction and maintenance of subspace under a sidewalk and the

covering over the same, so as to render the surface of the sidewalk "over such subspace safe and convenient for public travel," this being a specific requirement and its violation negligence *per se,* the charge of the trial court in this regard was not erroneous.

We feel the court's charge adequately covered the issues presented and is free from prejudicial error.

Time and space do not permit a discussion of the remaining errors assigned. We have given each of them careful consideration and do not feel that the claims made are well taken or that the amount awarded plaintiff is excessive. The evidence tends to show that the plaintiff sustained serious injuries. It was the province of the jury to deal with the diverging medical testimony as to the nature and extent of the injuries. The amount of the verdict does not appear to be excessive, and does not appear to have been awarded under passion and prejudice.

*Judgment affirmed.*

CARPENTER and STUART, JJ., concur.