[Cite as *Baker v. Ohio Univ.*, 2011-Ohio-3442.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JENNIFER BAKER

     Plaintiff

     v.

OHIO UNIVERSITY

     Defendant

     Case No. 2010-10190-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Jennifer Baker, stated she suffered property damage to her 2004 Chevy Avalanche when she drove through a parking garage located at defendant's Ohio University. Specifically, plaintiff maintained the roof of her motor vehicle was damaged when it scraped along a steel water pipe that runs horizontally across the ceiling along the drive path. Plaintiff explained she had driven through the garage for the previous three years and never scraped her car on the pipe before. Plaintiff recalled she was informed by her coworkers that defendant's employees had been working during the summer in the area where her incident occurred and that orange barrels had been placed under the pipe to keep vehicles from driving through the area. According to plaintiff, her property damage incident occurred at approximate 7:05 a.m. on August 9, 2010.

{¶ 2} Plaintiff asserted her property damage was the proximate result of negligence on the part of defendant in failing to prevent motorists from driving through the area. Indeed, plaintiff related she was directed to park there by an employee of defendant who she identified as Rhonda. Consequently, plaintiff filed this complaint seeking to recover $1,119.04, her cost of repairing the vehicle, plus $ 25.00 for filing fee

reimbursement.  The filing fee was paid.

**{¶ 3}**  Defendant argued plaintiff failed to produce evidence to establish her property damage was the sole result of any negligent act or omission on the part of Ohio University personnel. Defendant asserted the presence of the pipe was open and obvious to motorists traveling through the garage.  Defendant maintained there were two warnings posted in reference to the clearance height of the pipe, one was posted at the entrance to the parking garage and the other was written in large block letters on the pipe itself.  Defendant submitted photographic evidence to show the clearance at the lowest point for the pipe was six feet, one inch, which is actually higher than the height listed on the warning sign.  Defendant also verified that there were no work orders on file for this location on the date of plaintiff's incident. Thus, defendant contended plaintiff should have exercised reasonable care to protect her property from any damage posed by the low hanging water pipe.  Defendant implied plaintiff's own negligent driving was the sole cause of her property damage.

**{¶ 4}**  Plaintiff did not file a response.

**{¶ 5}**  Based on plaintiff"s status as an employee of Ohio University, she was present on defendant's premises for such purposes which would classify her under the law as an invitee. *Scheibel v. Lipton* (1985), 156 Ohio St. 308, 46 O.O. 177, 102 N.E. 2d 453.  Consequently, defendant was under a duty to exercise ordinary care for the safety of invitees such as plaintiff and to keep the premises in a reasonably safe condition for normal use.  *Presley v. City of Norwood* (1973), 36 Ohio St. 2d 29, 65 O.O. 2d 129, 303 N.E.2d 81.  Defendant's duty to exercise ordinary care for the safety and protection of invitees includes having the premises in reasonably safe condition and warning of latent or concealed defects or perils which the possessor has or should have knowledge. *Durst v. VanGundy* (1982), 8 Ohio App. 3d 72, 8 OBR 103, 455 N.E.2d 1319; *Wells v. University Hospital* (1985), 86-01392-AD.  As a result of plaintiff's status, defendant was also under a duty to exercise ordinary care in providing for plaintiff's safety and warning her of any condition on the premises known by defendant to be potentially dangerous. *Crabtree v. Shultz* (1977), 57 Ohio App. 2d 33, 11 O.O. 3d 31, 384 N.E.2d 1294.

**{¶ 6}**  In the instant claim, plaintiff has failed to present any evidence to prove the low hanging water pipe presented anything but an open and obvious condition. Additionally, defendant produced evidence to establish that warning signs were in place

and readily discernible to the motorists entering the parking garage. Consequently, the court finds the sole cause of plaintiff's property damage was plaintiff's negligent driving while traveling through the parking garage. The common law of Ohio imposes a duty of reasonable care upon motorists that includes the responsibility to observe the environment in which one is driving. See *Hubner v. Sigall* (1988), 47 Ohio App. 3d 15, 17, 546 N.E.2d 1337. The court concludes plaintiff breached her duty to exercise ordinary care when operating her vehicle and this breach proximately caused her property damage. *Nationwide Ins. Co., et al. v. Ohio Expositions Center* (2000), 2000-04278-AD. See *Blocksom v. Mohican State Park*, Ct. of Cl. No. 2004-10388-AD, 2005-Ohio-1395.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JENNIFER BAKER

     Plaintiff

     v.

OHIO UNIVERSITY

     Defendant

     Case No. 2010-10190-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Jennifer Baker
74106 Harkins Chapel Road
Albany, Ohio  45710

George T. Wendt
Ohio University
160 Union Street
HDL Center 166H
Athens, Ohio  45701

SJM/laa
3/18
Filed 3/31/11
Sent to S.C. reporter 6/30/11