[Cite as *Marshand v. Ohio Dept. of Transp.* , 2011-Ohio-5995.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KAREN MARSHAND, et al.,                          Case No. 2009-08730

    Plaintiffs,

    v.

OHIO DEPT. OF TRANSPORTATION,            Judge Joseph T. Clark

    Defendant/Third-Party Plaintiff,

    v.

KOSKI CONSTRUCTION CO.,

    Third-Party Defendant.                          DECISION

{¶1} Plaintiffs brought this action against defendant/third-party plaintiff, Ohio Department of Transportation (ODOT), alleging negligence. ODOT subsequently filed a third-party claim of indemnity against third-party defendant, Koski Construction Company (Koski). The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶2} This case arises out of damage sustained to the undercarriage of plaintiffs' vehicle, a 1989 Chevrolet Corvette, when plaintiff, Karen Marshand, entered U.S. Route 20 from the driveway of her son's home in Ashtabula County on August 29, 2009. At the time of the incident, this portion of U.S. Route 20 was being resurfaced by Koski pursuant to a contract with ODOT. As part of the resurfacing process, Koski had milled down the old pavement on portions of the roadway, including the area adjacent to the driveway in question.

{¶3} Karen Marshand testified that she drove to her son's home to pick up her grandson and that she had no difficulty entering the driveway from U.S. Route 20. Both

Karen and her husband, plaintiff Leonard Marshand, who was not present when the incident occurred, testified that because U.S. Route 20 is a busy four-lane highway, their normal practice when leaving their son's home is to turn around on the large asphalt apron at the foot of the driveway in order to avoid backing directly onto the highway. The eastern end of the apron is where the driveway is located, while the western end of the apron extends far beyond the driveway and serves as a turnaround. However, Karen stated that when she turned the car around that day, she had little room to maneuver due to two of her son's cars being parked near the driveway apron, and she therefore entered the highway from the western end of the apron rather than the eastern end where she had exited. Karen, who admitted both that she was aware of the resurfacing project and that she could not see the surface of the highway from her vantage point on the apron, testified that when the vehicle crossed the curb separating the apron from the roadway, the undercarriage of the vehicle scraped the curb and sustained damage.

{¶4} Leonard Marshand testified that he inspected the site of the incident soon after it occurred and observed that a portion of the milled surface alongside the curb had been filled with crushed asphalt, but that such material did not extend to the western end of the curb cut. Leonard stated that the vehicle came into contact with a portion of the curb near a drainage grate where no crushed asphalt had been placed, and he estimated that the difference in elevation between the curb and milled surface at that area was four inches. Leonard admitted, however, that the elevation of the driveway apron also sloped at a descending angle from the roadway. Leonard also acknowledged that the undercarriage of the vehicle sat low to the ground, but he stated that the car had not been modified from its factory condition.

{¶5} Larry Obhof testified that he is a transportation engineer for ODOT, with whom he has been employed for 37 years. Obhof stated that he supervised the project for ODOT and visited the project site daily, and that another ODOT employee was

stationed at the project site at all times to monitor the milling and paving. Obhof stated that after receiving a complaint concerning plaintiffs' vehicle, he arranged to inspect the site with Matthew Hockran, a Koski employee. Obhof related that when he inspected the site, he found that Koski had deposited crushed asphalt along a portion of the curb cut, but that the difference in elevation between the curb and the milled surface was slight enough that the entire length of the driveway apron was sufficiently accessible. According to Obhof, ODOT generally does not require that paving contractors fill the milled areas adjacent to curb cuts, and he found that Koski's work complied with the project specifications.

{¶6} Matthew Hockran testified that he has been employed by Koski for 21 years and that he managed the project, which involved milling about two inches of pavement and resurfacing an eight-mile portion of the highway. According to Hockran, after milling was performed, Koski placed either crushed asphalt or a cold asphalt patch at the edges of curb cuts as needed in order to facilitate ingress and egress. Hockran stated, though, that when unusually long curb cuts were encountered, Koski generally placed these materials only along such portions of the curb cut as needed in order to maintain sufficient access. Hockran related that the curb cut in question was unusually long for a residential driveway, being approximately 60 feet long, and that Koski placed crushed asphalt along 15-20 feet of the eastern end of the curb cut, where the actual driveway to the home was located. Although the evidence adduced at trial did not establish when this area was milled, Hockran stated that the entire project lasted six to seven weeks.

{¶7} Hockran testified that he took photographs when he inspected the site with Obhof, and the court notes that these photographs show that the difference in elevation between the curb and the milled roadway surface was approximately three inches, notwithstanding any crushed asphalt deposited by Koski. (Third-Party Defendant's Exhibit B.) Hockran's photographs also show that the driveway apron that spanned the

length of the curb cut descended significantly from the curb, such that plaintiffs' vehicle needed to travel uphill on the uneven apron surface to enter the road. (Third-Party Defendant's Exhibits D, E.)

{¶8} In order for plaintiffs to prevail upon their claim of negligence, they must prove by a preponderance of the evidence that ODOT owed them a duty, that ODOT's acts or omissions resulted in a breach of that duty, and that the breach proximately caused them injury. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Although ODOT is not an insurer of the safety of the state's highways, ODOT has a general duty to maintain and repair state highways such that they are free from unreasonable risk of harm to the motoring public, and this duty is owed both under normal traffic conditions and during highway construction projects. *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. No. 00AP-1119. However, "ODOT cannot guarantee the same level of safety during a highway construction project as it can under normal traffic conditions * * * [and the] court must look at the totality of the circumstances in determining whether ODOT's actions were sufficient to render the highway reasonably safe for the traveling public during the construction project." Id. (Internal citation omitted.)

{¶9} Additionally, the common law of Ohio imposes a duty of reasonable care upon motorists, which includes the responsibility to observe the environment in which one is driving. *Hubner v. Sigall* (1988), 47 Ohio App.3d 15, 17.

{¶10} Upon review, the court concludes that the condition of the highway did not present an unreasonable risk of harm. The evidence presented at trial establishes that approximately two inches of pavement was milled from the roadway, resulting in an approximately three-inch difference in the elevation of the curb and roadway, and the elevation change was mitigated by placement of crushed asphalt alongside a 15-20 foot section of the eastern half of the curb cut. The court finds that reasonable access was

maintained to the driveway via the eastern end of the curb cut, and that the lack of crushed asphalt at the western end of the curb cut was reasonable under the circumstances, particularly insofar as the conditions were temporary, the difference in elevation between the road surface and curb was approximately three inches, and the adjacent apron area served as a turnaround rather than an access point for the driveway.

{¶11} Moreover, even if the failure to place crushed asphalt along the entire length of the curb cut did create an unreasonable risk of harm, the court finds that any negligence on the part of ODOT was outweighed by the driver's negligence in approaching the highway in a vehicle with low ground clearance on an uneven and steeply sloped driveway, at an angle that prevented her from seeing the surface of the highway, and then blindly driving over a section of the curb where no crushed asphalt had been placed.

{¶12} For the foregoing reasons, the court finds that plaintiffs have failed to prove their claim of negligence by a preponderance of the evidence. Consequently, ODOT's indemnity claim against Koski is moot. Accordingly, judgment shall be rendered in favor of ODOT as to plaintiffs' claim, and judgment shall be rendered in favor of Koski as to ODOT's third-party claim.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263

KAREN MARSHAND, et al.,                    Case No. 2009-08730

    Plaintiffs

    v.

OHIO DEPT. OF TRANSPORTATION,              Judge Joseph T. Clark

    Defendant/Third-Party Plaintiff,

    v.

KOSKI CONSTRUCTION CO.,

    Third-Party Defendant.                    JUDGMENT ENTRY


{¶13} This case was tried to the court on the issue of liability. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of ODOT as to plaintiffs' claim, and judgment is rendered in favor of Koski as to ODOT's third-party claim. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge


cc:

Case No. 2009-08730          - 2 -          JUDGMENT ENTRY

Cari F. Evans
4505 Stephen Circle, N.W., Suite 100
Canton, Ohio 44718

Mark R. Wilson
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Karen Marshand
Leonard Marshand
3800 East Center Street
Conneaut, Ohio 44030

Filed October 21, 2011
To S.C. reporter November 18, 2011