[Cite as *Hudson v. Ohio Dept. of Pub. Safety*, 2012-Ohio-3239.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LEE HUDSON

   Plaintiff

   v.

OHIO DEPARTMENT OF PUBLIC SAFETY

   Defendant

   Case No. 2011-11556-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1}   On October 3, 2011, plaintiff, Lee Hudson, filed a complaint against defendant, Ohio Department of Public Safety.  Plaintiff asserts that on September 17, 2011, at approximately 8:00 a.m., while traveling on Interstate 70 east, he entered a construction zone.[1]  Plaintiff recalled that traffic "was directed by orange cones from the center lane to the right lane, the right lane had lower pavement level and it was a big drop off.  About a 1/4 mile later we were directed by the cones back into the center lane crossing over the new pavement."  According to plaintiff, "[t]he extreme difference in heights of pavement and the sharpness of the edge blew out our passenger front tire, along with about 30 other cars."  Plaintiff related that "police were on site but only after the cause of roadway no police were in front of location to warn drivers."  Plaintiff seeks damages in the amount of $158.58, for a new tire as the result of negligence by defendant in diverting traffic onto the unfinished roadway without providing adequate

---

[1]Evidence in the file establishes that the damage event occurred on September 18, 2011.

warning to motorists concerning this hazardous condition. Plaintiff submitted the filing fee with his complaint.

{¶2} Defendant denied liability and argued that OSP "did not breach its duty to safely maintain the crash scene." Defendant explained that a tractor-trailer had crashed on I-70 and that it took several hours to extricate the driver, unload the trailers, and right the vehicle. According to defendant's Trooper Himes, deputies from the Franklin County Sheriff's Office were on scene initially and had directed traffic from the center and left lanes onto the right lane which had been closed to traffic as it was under construction. Thus defendant chose to continue diverting traffic onto the previously milled right lane rather than shutting down the freeway completely. Defendant explained that for over six hours traffic was directed around the crash site in this manner and no one experienced a flat tire. Defendant also received assistance from the Ohio Department of Transportation (ODOT) to "maintain a safe orderly traffic flow and effectively detour traffic." Defendant concluded that a safe traffic pattern was maintained and that any harm to plaintiff was not foreseeable. Finally, defendant argued plaintiff's negligent driving was a proximate cause of the injury in that plaintiff failed to exercise the requisite amount of caution necessary to safely transition from the right lane back onto the center and left lanes of the interstate. Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶4} R.C. 2743.02 states, in pertinent part:

{¶5} "(A)(3)(a) Except as provided in division (A)(3)(b) of this section, the state is immune from liability in any civil action or proceeding involving the performance or nonperformance of a public duty,[2] including the performance or nonperformance of a public duty that is owed by the state in relation to any action of an individual who is committed to the custody of the state.

{¶6} "(b) The state immunity provided in division (A)(3)(a) of this section does not apply to any action of the state under circumstances in which a special relationship can be established between the state and an injured party. A special relationship under this division is demonstrated if all of the following elements exist:

{¶7} "(i) An assumption by the state, by means of promises or actions, of an affirmative duty to act on behalf of the party who was allegedly injured;

{¶8} "(ii) Knowledge on the part of the state's agents that inaction of the state could lead to harm;

{¶9} "(iii) Some form of direct contact between the state's agents and the injured party;

{¶10} "(iv) The injured party's justifiable reliance on the state's affirmative undertaking."

{¶11} The trier of fact determines that defendant did not have direct contact with plaintiff prior to the damage event and that therefore, no special relationship existed between defendant and plaintiff on September 18, 2011. Accordingly, defendant owed no duty to plaintiff and is entitled to immunity.

{¶12} "Furthermore, the common law of Ohio imposes a duty of reasonable care upon motorists that includes the responsibility to observe the environment in which one is driving. See, e.g., *Hubner v. Sigall* (1988), 47 Ohio App. 3d 15, at 17, 546 N.E.2d 1337." *Shortridge v. Ohio Dep't of Pub. Safety* (1997), 90 Ohio Misc. 2d 50, 54. Thus, even

{¶13} if plaintiff could prove defendant acted negligently, the trier of fact finds plaintiff's failure to observe his environment and take necessary precautions when

---

[2]R.C. 2743.01 (E) (1) states "'Public duty' includes, but is not limited to, any statutory, regulatory, or assumed duty concerning any action or omission of the state involving any of the following:

"(a) Permitting, certifying, licensing, inspecting, investigating, supervising, regulating, auditing, monitoring, law enforcement, or emergency response activity;

"(b) Supervising, rehabilitating, or liquidating corporations or other business entities."

changing lanes exceeded any negligence on the part of defendant. Accordingly, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LEE HUDSON

     Plaintiff

     v.

OHIO DEPARTMENT OF PUBLIC SAFETY

     Defendant

     Case No. 2011-11556-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Lee Hudson
4336 Gorman Avenue
Englewood, Ohio 45322

Bridget Coontz
Assistant Attorney General
Ohio State Highway Patrol, Legal
1970 West Broad Street, Suite 531
Columbus, Ohio 43223

011
Filed 6/5/12
sent to S.C. Reporter 7/18/12