**HARGROVE et al., Appellants,**

v.

**TANNER, Appellee.**

[Cite as *Hargrove v. Tanner* (1990), 66 Ohio App.3d 693.]

Court of Appeals of Ohio,
Summit County.

No. 14328.

Decided June 6, 1990.

*Richard V. Zurz,* for appellants.

*Frank Mazgaj,* for appellee.

CACIOPPO, Judge.

Melissa Hargrove filed a complaint for her daughter, Natasha. The complaint alleged that the negligence of Eric Tanner in backing up a motor vehicle caused Natasha to be injured. The cause was tried to a jury. Tanner moved for a directed verdict at the close of Hargrove's case and renewed the motion at the close of all the evidence. Pursuant to Civ.R. 50, the trial court directed a verdict for Tanner after finding that the evidence presented did not establish a breach of any duty of care which Tanner owed Natasha.

Hargrove appeals.

### Assignment of Error

"The trial court committed prejudicial error by directing a verdict in favor of the appellee as the evidence presented at trial, when construed most

strongly in favor of the appellant, would have permitted reasonable minds to conclude that the appellee was negligent in the backing of his motor vehicle."

Hargrove contends that the trial court erred in directing a verdict when the evidence presented factual questions for the jury. In supporting the contention, Hargrove argues that the trial court considered Natasha an undiscovered trespasser and, therefore, applied an improper standard of care. Also, Hargrove argues that the evidence was sufficient to establish that Tanner breached the duty owed to a pedestrian on a sidewalk, pursuant to R.C. 4511.441.

" * * * When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue." Civ.R. 50(A)(4).

A directed verdict is appropriate only where the party opposing the motion fails to adduce any evidence on the essential elements of the claim. *Hubner v. Sigall* (1988), 47 Ohio App.3d 15, 16–17, 546 N.E.2d 1337, 1339, citing *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896. In considering such a motion, the court must assume the truth of the evidence essential to the claim, allow all reasonable inferences from the evidence to support the claim, and determine whether there exists any evidence of substantial, probative value in support of the claim. The question to be determined involves a testing of the legal sufficiency of the evidence to take the case to the jury, and is a question of law, not of fact. *Baum v. Augenstein* (1983), 10 Ohio App.3d 106, 107, 10 OBR 129, 130, 460 N.E.2d 701, 702, citing *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 23 O.O.3d 115, 430 N.E.2d 935.

The essential elements for a claim predicated upon negligence are duty, breach of that duty, and damage or injury that occurs as a proximate result of the breach. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469–470. This court has reviewed the record and finds that the trial court did not err in directing a verdict for Tanner, predicated upon a lack of evidence to establish that Tanner breached a duty owed Natasha. We also find that the trial court did not err in finding no evidence that Tanner violated R.C. 4511.441.

In this case, no direct evidence was introduced that established the actual cause of Natasha's injuries. There was no evidence that Tanner failed to use

due care in backing up his vehicle. It is reasonable to infer from the direct evidence that Natasha was injured when Tanner's vehicle was moved. However, Hargrove did not introduce direct evidence nor does any reasonable inference establish that Tanner breached any duty of care owed Natasha.

The judgment is affirmed.

*Judgment affirmed.*

CIRIGLIANO, J., concurs.

BAIRD, P.J., dissents.

BAIRD, Presiding Judge, dissenting.

Though the evidence would support a finding of simple negligence, it would not support a finding of any greater degree of culpability on the part of the defendant. Since there would be no liability to a trespasser for simple negligence, it becomes important to determine whether Natasha was a trespasser. There was evidence in the case that she had been on the public sidewalk just before she was hit, and there was evidence that she was subsequently found partly on the sidewalk and partly in the driveway.

In a discussion between the trial judge and counsel, the following exchange took place:

"THE COURT: You keep saying she was on the sidewalk. I suppose that's very disputed.

"MR. ZURZ: That's disputed. Sure. That's up for the jury to decide that, where she was."

Having acknowledged that the matter was disputed, it was incumbent on the court to submit the matter to the jury. I would reverse.