This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Plaza Mini Storage, Inc., appeals from the order of the Lorain County Court of Common Pleas which granted a directed verdict in favor of Appellee, First Merit Bank. We affirm.
On April 20, 1998, Plaintiff, Dorlis Ray, filed a complaint against Daniel Anderson ("Anderson"), Appellant, and Appellee, asserting negligence, among other claims. Appellant filed an answer and an amended answer asserting a cross-claim against Appellee for indemnification and contribution. Appellee filed an answer and a cross-claim against Appellant and Anderson for indemnification and contribution.
The case proceeded to a jury trial where Anderson and Appellant moved for directed verdicts. The trial court granted Anderson's motion and denied Appellant's motion. Appellee moved for a directed verdict against Plaintiff. The trial court granted the motion as to all claims.
The jury found for Plaintiff and awarded compensatory and punitive damages, totaling $410,000, and attorney fees to be determined at a future hearing. Appellant and Anderson moved the court for judgment notwithstanding the verdict or, in the alternative, for a new trial. Appellant and Anderson voluntarily withdrew the post-judgment motion and the court entered an order awarding attorney fees and expenses in the amount of $70,513.94, in addition to the previously determined jury verdict. Appellant timely appealed asserting one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred when it granted a directed verdict to [Appellee] in light of the evidence presented because reasonable minds could reach different conclusions on the issue of [Appellee's] exercise of reasonable care in obtaining and communicating information to Appellant. * * *
 In Appellant's first assignment of error, it asserts that the trial court erred when it granted a directed verdict in favor of Appellee on the issue of negligence. In response, Appellee argues that Appellant cannot appeal this issue because (1) Appellant failed to assert a negligence claim against Appellee in the trial court, and (2) Appellant lacks standing since the directed verdict from which Appellant appeals was granted in favor of Appellee as to claims asserted by Plaintiff, and not by Appellant. We disagree with the contentions of both parties.
Initially, we address Appellee's contention regarding Appellant's failure to raise a negligence claim against Appellee in the lower court. Civ.R. 13(G), concerning cross-claims against a co-party, states:
 A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.
 A pleading is sufficient if it contains "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A). In the context of a cross-claim, the allegations contained therein must state some basis for relief. A cross-claim does not state a claim for relief merely by alleging that the co-party is liable to the cross-claimant for all or part of the plaintiff's claim. See State Farm Mut. Ins. Co. v. Charlton (1974), 41 Ohio App.2d 107, 110.[1] Rather, the claim must allege some basis or theory of recovery which notifies the trial court and the co-party of the grounds of the cross-claimant's claim. See id.
Applying these principles to Appellant's amended answer and cross-claim, we find that the claim satisfies the basic requirements of notice pleading. According to the cross-claim, Appellant sought indemnity from Appellee for Plaintiff's claim against Appellant. Specifically, in its cross-claim, Appellant alleged that, "[t]he direct and proximate cause of any damages sustained by the Plaintiff, if any, are due solely to the negligence of [Appellee]." Further, Appellant stated that "[a]t the time of the transfer, [Appellee] failed to provide [Appellant] with the Plaintiff's name, information or lease[.]" Finally, Appellant alleged that "[if] Plaintiff recovers a verdict against [Appellant] * * * such will have been brought about and caused by [Appellee] and not by [Appellant]." Appellant requested contribution and/or indemnification from Appellee for any funds Appellant paid to Plaintiff by judgment. Therefore, contrary to Appellee's argument, Appellant properly raised a negligence claim against Appellee in its cross-claim in the trial court.
Next, we address the jurisdictional question regarding Appellant's standing to appeal the directed verdict, in light of the fact that Appellee never moved for a directed verdict as to Appellant. Although the moving party must specify the basis for its directed verdict motion, the trial court has inherent authority to sua sponte grant a directed verdict on any ground that is appropriate. Civ.R. 50(A)(3); See Gibbons v. Price
(1986), 33 Ohio App.3d 4, 12; Sargeant v. Sampson (Mar. 31, 1999), Summit App. No. 18947, unreported, at 12 (Carr, J., concurring).
In the instant case, Plaintiff's complaint against Appellee included claims of negligence, conversion, breach of contract, a violation of R.C. 5322.03, and intentional infliction of emotional distress. As previously discussed, Appellant cross-claimed for indemnity and/or contribution from Appellee based upon Appellee's alleged negligent conduct. On December 12, 1999, Appellee moved the trial court for a directed verdict as to Plaintiff's claims. At the close of the presentation of evidence at trial, Appellee argued the merits of its motion. The trial court granted the motion and "directed out [Appellee] on all counts[,]" finding that Appellee had no responsibility for Plaintiff's loss. Therefore, the question of Appellee's liability as to Appellant did not go to the jury. Accordingly, we must presume that the trial court sua sponte directed a verdict in favor of Appellee as to Appellant's negligence claim.
In light of our determination that Appellant may properly bring the instant appeal, we will now address the merits of its argument. Appellant argues that the trial court erred in granting a directed verdict in favor of Appellee as to the claim of negligence. Specifically, Appellant contends that Appellee is liable for negligent misrepresentation because it transmitted inaccurate lists of tenant information to Appellant, which resulted in the destruction of Plaintiff's property.
Pursuant to Civ.R. 50(A)(4), the trial court should grant a directed verdict if, "after construing the evidence most strongly in favor of the party against whom the motion is directed, [it] finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party[.]"
The issue to be determined involves a test of the legal sufficiency of the evidence to allow the case to proceed to the jury, and it constitutes a question of law, not one of fact. Hargrove v. Tanner (1990),66 Ohio App.3d 693, 695. A court of appeals reviews the trial court's ruling on a motion for directed verdict de novo. McConnell v. HuntSports Ent. (1999), 132 Ohio App.3d 657, 686-87.
The Ohio Supreme Court has defined "negligent misrepresentation" as follows:
 One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
 (Emphasis sic.) Delman v. Cleveland Heights (1989), 41 Ohio St.3d 1, 4, quoting 3 Restatement of the Law 2d, Torts (1965) 126-27, Section 552(1). Reliance is justified when "the representation does not appear unreasonable on its face, * * * and if, under the circumstances, the purchaser has no apparent reason to doubt the veracity of the representation." Lepera v. Fuson (1992), 83 Ohio App.3d 17, 26.
In 1991, Plaintiff rented a storage garage from Commerce Plaza in which she stored personal belongings including, among other items, family photographs, paperwork, antiques and collectibles. When Commerce Plaza began to experience financial difficulties in 1993, Great Lakes Management Company ("Great Lakes") took over the management and operation of the facility. During this time, Appellee foreclosed upon the property. Great Lakes turned over the information regarding current tenants of the facility to Appellee in 1994. Upon a review of the record, it appears that it was sometime during this transition that Plaintiff's name was omitted from the list of current tenants. The record is unclear as to whether Great Lakes was employed by Appellee to manage and operate the facility.
When Appellant purchased the property from Appellee, it received a list of tenants that did not include Plaintiff's name and lease information. Anderson, president and agent of Appellant corporation, testified that when he attempted to match up the list of tenants/leases to the locked units, he discovered "13 to 15 mismatches." Anderson tracked down some of the owners, which left him with seven to ten units that still contained items with unidentified owners. Anderson cleaned those units out. Specifically, he cut the padlocks off Plaintiff's storage garage and disposed of all the items, believing that they were abandoned "junk."
In the present case, we conclude that there was no justifiable reliance on the records in question. Anderson's review of the tenant list and corresponding storage garages revealed numerous discrepancies. Despite the records received from Appellee, Anderson proceeded to investigate and was able to locate some of the unidentified tenants who had items stored in the facility. Under the circumstances a reasonable person would have had every reason to doubt the veracity of the tenant records subsequent to that discovery. However, in spite of being on notice that the information received from Appellee contained some omissions, he did nothing to attempt to locate the owner of the items in Plaintiff's unit. So, while there may have been reliance by Appellant, it was not justifiable reliance under these circumstances. Therefore, after construing the evidence in favor of Appellant, reasonable minds could come to but one conclusion; because there was no justifiable reliance, Appellee was not liable for negligent misrepresentation. Hence, the trial court did not err in granting a directed verdict in favor of Appellee on the evidence presented. Appellant's assignment of error is overruled.
Appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ LYNN C. SLABY
BATCHELDER, P.J., BAIRD, J. CONCUR.
[1] In Charlton, the Tenth Appellate District reviewed the sufficiency of a pleading that raised a third-party claim, pursuant to Civ.R. 14(A). The instant cross-claim, pursuant to Civ.R. 13(G), is in the nature of third-party practice under Civ.R. 14(A) since, in its cross-claim, Appellant alleged that Appellee was liable to Appellant for all or part of the claim asserted in the action against Appellant. See Civ.R. 13(G); Civ.R. 14(A).