This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Linda Cheiky and Arlene Proctor appeal from a decision of the Medina County Court of Common Pleas which granted summary judgment to appellee Dr. Ashwin Patel ("Dr. Patel") and granted a directed verdict in favor of appellee Dr. Sue Kuo ("Dr. Kuo"). This Court reverses.
 I.
In 1995, Eldred M. Proctor, Jr., ("Proctor") was diagnosed with non-Hodgkin's Lymphoma. The cancer was located in Proctor's throat. In January 1996, Proctor began a course of treatment with Dr. Kuo, a medical oncologist, and Dr. Patel, a radiation oncologist. Dr. Kuo treated Proctor with Adriamycin/Doxorubicin, a type of chemotherapy, at the same time that Proctor was receiving radiation treatments from Dr. Patel. Both doctors were aware that Proctor was receiving the two types of treatment concomitantly. As a result of receiving these treatments concurrently, Proctor developed severe mucositis and dehydration and had to be placed on a liquid diet because he could no longer swallow solid food.
In June of 1996, Proctor went to Dr. Elizabeth Connelly ("Dr. Connelly"), a medical oncologist, for treatment of his condition. Dr. Connelly diagnosed Proctor with severe chronic mucositis (inflammation of the oral cavity and oropharynx), xerostomia (dry mouth), and disphagia (difficulty swallowing). Proctor was unable to swallow food or to produce saliva naturally, and his mouth and tongue were so dry that his tongue would stick to the roof of his mouth. Eventually, Proctor had to have a "PEG tube" inserted directly into his stomach to take nutrition in that manner. Proctor lived with the "PEG tube" until his death in September of 1999.
In 1999, Proctor and his wife commenced this action for medical malpractice and loss of consortium in the Medina Court of Common Pleas. Upon his death in September of 1999, Linda Cheiky, the administratrix of Proctor's estate, proceeded in his stead.
Prior to the commencement of trial, the trial court granted Dr. Patel's motion to dismiss. At the close of appellants' case-in-chief, Dr. Kuo moved for a directed verdict. The trial court granted Dr. Kuo's motion in a decision journalized on February 5, 2001.
Appellants timely appealed and have set forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING DEFENDANT KUO'S MOTION FOR DIRECTED VERDICT.
Appellant argues that the trial court erred in granting Dr. Kuo's motion for directed verdict. This Court agrees.
"When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue." Civ.R. 50(A)(4). It is "the duty of a trial court to withhold an essential issue from the jury when there is not sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue." O'Day v. Webb (1972),29 Ohio St.2d 215, 220. The issue to be determined involves a test of the legal sufficiency of the evidence to allow the case to proceed to the jury, and it constitutes a question of law, not one of fact. Hargrove v.Tanner (1990), 66 Ohio App.3d 693, 695. A court of appeals reviews the trial court's ruling on a motion for directed verdict de novo. McConnellv. Hunt Sports Ent. (1999), 132 Ohio App.3d 657, 686-687.
In order to establish a case of medical malpractice, the plaintiff must establish, by a preponderance of evidence, that the physician acted or failed to act in a manner that a physician or surgeon of ordinary skill, care and diligence would have under like or similar conditions or circumstances, and that such acts or failures to act were the direct and proximate cause of the injury complained of. Bruni v. Tatsumi (1976),46 Ohio St.2d 127, paragraph one of the syllabus. The standard of care, and the breach thereof, must be established by expert testimony. See id. at 131-132; Ramage v. Cent. Ohio Emergency Serv., Inc. (1992),64 Ohio St.3d 97, 102.
Appellee maintains that the trial court properly granted its motion for directed verdict because appellants failed to produce medical expert testimony to establish that the alleged negligence was the proximate cause of Proctor's injuries. One is generally required to "prove causation through medical expert testimony in terms of probability to establish that the injury was, more likely than not, caused by the defendant's negligence." Roberts v. Ohio Permanente Med. Group, Inc. (1996), 76 Ohio St.3d 483, 485. "An event is probable if there is a greater than fifty percent likelihood that it produced the occurrence at issue." Stinson v. England (1994), 69 Ohio St.3d 451, paragraph one of the syllabus, citing Cooper v. Sisters of Charity of Cincinnati, Inc. (1971), 27 Ohio St.2d 242, 253.
The evidence at trial regarding the cause of Proctor's injury was uncontroverted. Dr. Connelly specifically testified that Proctor suffered permanent and irreversible damage to his mouth and throat as a result of the Doxorubicin and radiation therapy being administered concomitantly without objection. Dr. Kuo admitted in her testimony that her treatment caused the resulting injury to Proctor. The real issue at trial and on appeal is whether Dr. Kuo breached the standard of care in treating Proctor. Thus, it cannot be said that appellants failed to produce expert testimony at trial in support of their assertion that Dr. Kuo's negligence was the proximate cause of Proctor's injuries.
The central issue in the case sub judice was whether Dr. Kuo's treatment of Proctor fell below the standard of care. When questioned regarding the standard of care for the administration of Doxorubicin and radiation therapy concomitantly, Dr. Connelly replied that the two treatments are not administered concomitantly because of the risk of toxicity to the normal tissues. Dr. Connelly further testified that the appropriate treatment is to administer the full course of chemotherapy then wait a minimum of three weeks before starting radiation therapy. She specifically testified there was no standard of care that provided for the administration of Doxorubicin and radiation therapy concomitantly.
Dr. Kuo argues that appellants did not meet their burden to show that her actions fell below the standard of care because Dr. Connelly's testimony regarding the standard of care was not stated in terms of probability. However, there is no requirement that an expert opinion on the appropriate standard of care must be stated in terms of probability.Paul v. Metrohealth St. Luke's Med. Ctr., et al. (Oct. 22, 1998), Cuyahoga App. No. 71195, unreported, citing Bruni v. Tatsumi, supra.
Appellants' first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION IN EXCLUDING THE TESTIMONY OF PLAINTIFFS' EXPERT RADIATION ONCOLOGIST AND THEREBY ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT DR. PATEL.
Appellant argues that the trial court abused its discretion when it excluded the testimony of appellant's expert radiation oncologist and that this abuse of discretion led to summary judgment being granted in favor of Dr. Patel. Without reaching appellant's specific argument, this Court agrees that it was improper for the trial court to award summary judgment to Dr. Patel.
As a preliminary matter, this Court must address the trial court's conversion of appellee's motion to dismiss to a motion for summary judgment. In its February 13, 2001 judgment entry, the trial court stated that "the Motion to Dismiss will be treated as a renewed Motion for Summary Judgment." In granting appellee's motion to dismiss, the trial court applied the standard of review for summary judgment set forth in Civ.R. 56(E).
"[Civ.R. 12(B)] authorizes a trial court to treat a motion to dismiss as a motion for summary judgment when the motion `presents matters outside the pleading[.]'" Rischar v. Yatsko (Sept. 4, 1996), Medina App. No. 2548-M, unreported. Civ.R. 12(B) states in relevant part:
 When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.
If a trial court exercises this option, instead of simply excluding those matters outside of the pleadings, the court must give the parties notice of its intention to convert the motion "`at least fourteen days before the time fixed for hearing.'" Petrey v. Simon (1983),4 Ohio St.3d 154, paragraphs one and two of the syllabus. In this case, the trial court converted appellee's motion to dismiss into a motion for summary judgment without giving the parties the requisite notice.
Appellants' second of assignment of error is sustained.
 III.
The decision of the Medina County Court of Common Pleas is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
Exceptions.
BAIRD, J. CONCURS IN JUDGMENT ONLY