This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the City of Lorain ("Lorain"), appeals a jury verdict from the Lorain Court of Common Pleas, rendered in favor of Appellee, Herman Fisher ("Fisher"), on a claim of age discrimination in hiring. We affirm.
 I.
{¶ 2} R.C. 124.41 sets a maximum age of 35 for initial police hires, unless a police jurisdiction waives this requirement; Lorain did so and advertised for police candidates of any age from 21 to 69. Fisher, who was over 40 years old, applied for a police position. He took the civil service test and placed first among the test takers. Candidates over the age of 40 must also pass a physical agility test; Fisher passed that as well.
{¶ 3} As Lorain wished to fill vacant police positions, Lorain would request the Civil Service Commission to furnish a certified list of applicants who had passed the civil service test. Three times Lorain received a list on which Fisher was ranked as the highest scorer. All three times, Lorain selected applicants who scored lower and who were under the age of 40.
{¶ 4} Fisher filed suit based upon age discrimination. Lorain moved for a directed verdict, which was denied. The case went to trial, and the jury returned with a verdict for Fisher. This appeal followed. Lorain presents two assignments of error.
 II. Assignment of Error No. 1
{¶ 5} "WHETHER THE TRIAL COURT ERRED IN FAILING TO GIVE A JURY INSTRUCTION REQUESTED BY DEFENDANT ON R.C. § 124.41 WHICH SETS A MAXIMUM AGE RESTRICTION OF AGE 35 FOR ORIGINAL APPOINTMENTS TO A POLICE DEPARTMENT."
{¶ 6} In the first assignment of error, Lorain asserts that the trial court committed reversible error when it failed to include Lorain's proposed jury instruction regarding the existence of R.C. 124.21, which imposes a maximum age of 35 upon applicants to original appointments as a police officer.
{¶ 7} "On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objections." Civ.R. 51(A). "When a party fails to object to the giving of or failure to give a jury instruction before the jury retires to consider a verdict, the party may not assign as error the giving of or failure to give such instruction."Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, paragraph one of the syllabus. See, also, Isquick v. Dale Adams Ent., Inc., 9th Dist. No. 20839, 2002-Ohio-3988, at ¶ 20, appeal not allowed,97 Ohio St.3d 1498, 2002-Ohio-6866. "However, the Ohio Supreme Court has created an exception, such that a party does not waive his or her objections to the trial court's refusal to include the proposed instruction, when the record affirmatively shows that the trial court has been fully apprised of the correct law governing a material issue in dispute." State v. Palmison, 9th Dist. No. 20854, 2002-Ohio-2900m at ¶ 38. See, also, State v. Wolons (1989), 44 Ohio St.3d 64, paragraph one of the syllabus.
{¶ 8} Requested instructions should be given if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instruction. Butler v.Rejon (Feb. 2, 2000), 9th Dist. No. 19699, at 5. A trial court does not abuse its discretion by refusing to give a proposed jury instruction that is immaterial to the case. Bostic v. Connor (1988), 37 Ohio St.3d 144,148.
{¶ 9} Our review of the record reveals that neither party objected to the jury instructions before the jury retired for deliberations. However, the trial court record contains written proposed jury instructions from both parties. Therefore, Lorain has not waived its objections to the omission of the jury instructions.
{¶ 10} The proposed instruction seeks to include a synopsis of the text of R.C. 124.21 stating that a hiring police department is prohibited from hiring a person more than 35 years old to an original appointment as a police officer, unless the hiring department waives the prohibition. Further, the instruction states that Lorain has waived that prohibition.
{¶ 11} In order for the instruction to be included, it must be a correct statement of the law applicable to the facts in the case. We do not find a misstatement of law within the instruction; nevertheless, we find the proposed instruction to be inapplicable to this case. Here, because Lorain waived the prohibition and passed an ordinance stating that it would consider anyone between the ages of 21 and 69 for initial police positions, the age prohibition of R.C. 124.21 had no further bearing upon Lorain's subsequent hiring decisions.
{¶ 12} Further, we believe that to include it would have misled the jury with conflicting law. The jury was charged with determining whether or not Lorain practiced age discrimination in hiring pursuant to its own ordinances, which waived any prohibitions of R.C. 124.21, and pursuant to other applicable federal and state law. To give the jury the instruction requested is tantamount to saying that the State of Ohio limits age, but not in this case.
{¶ 13} Finally, the instruction may be included if reasonable minds might reach the conclusion sought by the instruction. In this case, Lorain argues that Fisher could not make a prima facie case of discrimination, because R.C. 124.21 eliminates him as a member of a protected class, and "[h]ad the jury been properly instructed, reasonable minds could easily reach the conclusion that the age of the applicant was a permissible consideration under the law[.]" Ordinarily this would be a proper conclusion, but Lorain, through waiver, has eliminated the statute as determinative to the outcome of the instant case.
{¶ 14} For the above stated reasons, Lorain's first assignment of error is without merit and is overruled.
 Assignment of Error No. 2
{¶ 15} "WHETHER THE TRIAL COURT ERRED IN WHEN IT (SIC) DENIED DEFENDANT CITY OF LORAIN'S MOTION FOR DIRECTED VERDICT."
{¶ 16} In the second assignment of error, Lorain argues that the trial court abused its discretion in denying Lorain's motion for a directed verdict, because Fisher failed to submit evidence to prove the elements of a discrimination claim. Specifically, Lorain states that Fisher "introduced no evidence that he was not treated age neutrally and further failed to submit evidence that [Lorain's] reasons for hiring other applicants in lieu of [Fisher] was a pretext for impermissible age discrimination[.]" (Italics sic.) Lorain's arguments are not well taken.
{¶ 17} "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue." Civ.R. 50(A)(4). We review a trial court's ruling on a motion for directed verdict de novo because it presents us with a question of law. Schafer v. RMS Realty (2000), 138 Ohio App.3d 244, 257. A motion for directed verdict tests the sufficiency of the evidence, not the weight of the evidence or the credibility of witnesses. Wagner v.Roche Laboratories (1996), 77 Ohio St.3d 116, 119-120. Where there is substantial evidence upon which reasonable minds may reach different conclusions, the motion must be denied. Posin v. A.B.C. Motor CourtHotel (1976), 45 Ohio St.2d 271, 275. However, when the party opposing the motion for directed verdict has failed to produce any evidence on one or more of the essential elements of a claim, a directed verdict is appropriate. Hargrove v. Tanner (1990), 66 Ohio App.3d 693, 695. See, also, U.S. Aviation Underwriters Inc. v. B.F. Goodrich Co.,149 Ohio App.3d 569, 2002-Ohio-5429, at ¶ 12.
{¶ 18} "No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee." R.C. 4112.14(A). For cases of adverse employment action, discriminatory intent may be established indirectly by adapting the four-part analysis set forth in Barker v.Scovill, Inc. (1983), 6 Ohio St.3d 146, adopted from the standards established in McDonnell Douglas Corp. v. Green (1973), 411 U.S. 792,36 L.Ed.2d 668. Byrnes v. LCI Communications Holding Co. (1996),77 Ohio St.3d 125, 128. The Barker analysis requires that the employee demonstrate: (1) that he was a member of the statutorily-protected class, (2) that he was discharged, (3) that he was qualified for the position, and (4) that he was replaced by, or that his discharge permitted the retention of, a person not belonging to the protected class. Barker, at paragraph one of syllabus.
{¶ 19} "Discriminatory intent may also be established by direct evidence of age discrimination, which is evidence other than the four-part demonstration of Barker." Byrnes, 77 Ohio St.3d at 128, citingKohmescher v. Kroger Co. (1991), 61 Ohio St.3d 501. A plaintiff may establish a prima facie case by presenting evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent. Mauzy v. Kelly Services, Inc. (1996),75 Ohio St.3d 578, paragraph one of the syllabus.
{¶ 20} The testimony shows that Fisher passed the physical portion of the entrance exam, placed first on the eligibility list which combined veterans' points and physical and written test results, and passed a polygraph test. Fisher participated in three oral interviews where he was asked about his feelings at starting at an entry level position at his age, his ability to take orders and discipline from younger superior officers, and his tolerance for day-to-day interaction with a younger partner. Fisher testified he did not remember being asked about prior police training or experience in the interviews. Ultimately, all available positions were filled by applicants who, like Fisher, had veterans' points and required further training to be a patrolman, but who were all younger than age 40.
{¶ 21} Having reviewed the entire record, and construing the evidence most strongly in favor of Fisher, the non-moving party, we conclude that the evidence was sufficient to establish a prima facie case of discrimination, and to present the issue to a jury. The testimony of the principals at deposition and trial, as well as the several exhibits, establish substantial evidence upon which reasonable minds may reach different conclusions. Therefore, Lorain's second assignment of error is overruled.
 III.
{¶ 22} Lorain's two assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
CARR, J. and WHITMORE, J., CONCUR.