DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Spitzer Akron, Inc. ("Spitzer"), has appealed from the decision of the Summit County Court of Common Pleas, which entered judgment in favor of Appellee, Tamatha Rose-Gulley ("Rose-Gulley"), in the amount of $6,000 plus attorney's fees of $38,000. Appellee has filed a cross-appeal. We reverse and remand
 I. {¶ 2} Rose-Gulley filed suit against Spitzer and four other defendants who are not parties to this appeal, asserting claims of fraud, defamation, breach of contract, violation of the Fair Debt Collection Act, and violation of the Ohio Consumer Sales Practices Act ("CSPA"). Each of the claims arose from the sale of a 1998 Chrysler Concorde by Spitzer to one of its co-defendants, Lamarr Jackson ("Jackson"), who was Rose-Gulley's boyfriend at the time of the transaction. The following particulars of that transaction are undisputed.
 {¶ 3} On March 29, 1999, Jackson went to Spitzer's place of business and entered into a sales contract for the purchase of a 1998 Chrysler Concorde. Jackson returned to the dealership three days later to sign the documents necessary to complete the transaction. Rose-Gulley was not present during either of the two visits. Nonetheless, the name "Tamatha Jackson," a misnomer apparently engendered by the misunderstanding that Rose-Gulley and Jackson were married, was typed on the note securing financing for the vehicle. Jackson acknowledged that, when he completed the note, he signed the name "Tamatha Jackson" on the document. The name "Tamatha Jackson" was also added to the sales contract for the vehicle. Rose-Gulley has at all times maintained that she had no involvement in the purchase of the vehicle and that she did not authorize the use of her name on any of the documents associated with the purchase of the vehicle. Rose-Gulley claims that she first became aware that her name had been placed on those documents when she began receiving telephone calls from WFS Financial, the creditor on the loan for the Concorde, after Jackson became delinquent in his monthly payments.
 {¶ 4} The trial court granted summary judgment in favor of Spitzer with respect to the breach of contract claim. Citing Rose-Gulley's insistence that, due to the forgery of her name, no contract concerning the Concorde had ever existed between herself and Spitzer, the trial court found that Rose-Gulley had failed to offer any evidence indicating that she was a party to any contract involving that vehicle. The matter proceeded to a jury trial on the remaining claims. At the close of Rose-Gulley's evidence, Spitzer moved for directed verdicts with respect to those remaining claims. The trial court granted the motion with respect to the Fair Debt Collection Act claim, and denied the motion with respect to the other claims.
 {¶ 5} The jury found in favor of Spitzer on the fraud and defamation claims, but found that Spitzer had violated the CSPA. The jury further found that Rose-Gulley was entitled to damages in the amount of $2,000, as well as reasonable attorney's fees. The trial court determined that Rose-Gulley was entitled to treble damages in the amount of $6,000 and attorney fees in the amount of $38,000, and entered judgment against Spitzer accordingly.
 {¶ 6} Spitzer timely appealed, raising five assignments of error. Rose-Gulley has cross-appealed, raising three assignments of error.
 II. Assignment of Error No. 1
"The trial court erred as a matter of law when it denied appellant's motion for directed verdict as to appellee's consumer sales practices act claim at the close of appellee's case in chief[.]"
 {¶ 7} In its first assignment of error, Spitzer maintains that the trial court erred by denying its motion for a directed verdict with respect to Rose-Gulley's CSPA claim. Specifically, Spitzer contends that Rose-Gulley is not entitled to the relief provided by the CSPA, because she is not a consumer within the meaning of the act. We agree.
 {¶ 8} We review de novo the trial court's denial or grant of a directed verdict. Schafer v. RMS Realty (2000),138 Ohio App.3d 244, 257. Directed verdict motions are governed by Civ.R. 50(A)(4), which provides:
"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 9} A motion for a directed verdict tests the sufficiency of the evidence, not the weight of the evidence or the credibility of witnesses. Wagner v. Roche Laboratories (1996),77 Ohio St.3d 116, 119. Where there is substantial evidence upon which reasonable minds may reach different conclusions, the motion must be denied. Posin v. A.B.C. Motor Court Hotel, Inc.
(1976), 45 Ohio St.2d 271, 275. However, when the party opposing the motion has failed to produce any evidence on one or more of the essential elements of a claim, a directed verdict is appropriate. Hargrove v. Tanner (1990), 66 Ohio App.3d 693.
 {¶ 10} The CSPA forbids suppliers to engage in unfair or deceptive acts or practices relating to consumer transactions. R.C. 1345.02(A). R.C. 1345.01(A) defines the term "consumer transaction," explaining that it encompasses "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things."
 {¶ 11} The CSPA provides a private cause of action, permitting consumers to seek relief against suppliers who have violated the act. R.C. 1345.09. Rose-Gulley sought relief under this private cause of action. In order to be entitled to such relief, she must, at the very least, qualify as a "consumer" within the meaning of the CSPA. The act defines as a "consumer" those persons "who engag[e] in a consumer transaction with a supplier." R.C. 1345.01(D).
 {¶ 12} Rose-Gulley has failed to present any evidence suggesting that she was engaged in a consumer transaction with Spitzer with respect to the vehicle at issue in this case. Rather, she has consistently maintained that she never involved herself in the purchase of the Concorde, that she never authorized the use of her name in connection with that purchase, and that she was completely unaware of the transaction until she began receiving telephone calls from WFS Financial. As the trial court found when it granted summary judgment in favor of Spitzer on the breach of contract claim, Rose-Gulley has presented "absolutely no evidence or facts" suggesting the existence of a contract between herself and Spitzer.
 {¶ 13} Because she has failed to present evidence showing she was engaged in a consumer transaction with Spitzer, Rose-Gulley has failed to present any evidence showing that she is a consumer within the meaning of the CSPA. Therefore, she lacks standing to pursue a private cause of action under that statute, and the trial court erred by failing to grant a directed verdict in favor of Spitzer on Rose-Gulley's CSPA claim. Appellant's first assignment of error is sustained.
 Assignment of Error No. 2
"The trial court erred as a matter of law by awarding treble damages to appellee[.]"
 Assignment of Error No. 3
"The trial court erred as a matter of law when it denied appellant's motion for set off[.]"
 Assignment of Error No. 4
"The trial court erred as a matter of law when it denied appellant's motion to vacate judgment: motion for dismissal[.]"
 Assignment of Error No. 5
"The trial court erred and abused its discretion in awarding attorney's fees to appellee[.]"
 Cross-Assignment of Error No. 1
"The lower court erred as a matter of law when it denied the appellee's motion for pre-judgment interest."
 Cross-Assignment of Error No. 2
"The lower court erred as a matter of law when [it] arbitrarily reduced the amount of attorney fees requested by the appellee."
 Cross-Assignment of Error No. 3
"The lower court erred as a matter of law when [it] reduced the amount of costs requested by the appellee."
 {¶ 14} Given our disposition of Appellant's first assignment of error, Appellant's remaining assignments of error and Appellee's cross-assignments of error are rendered moot, and we decline to address them. See App.R. 12(A)(1)(c).
 III. {¶ 15} Appellant's first assignment of error is sustained. Appellant's remaining assignments of error are rendered moot. Appellee's three cross-assignments of error are also rendered moot. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, P.J., Whitmore, J., Concur.