OPINION
{¶ 1} Plaintiff-Appellant Sandy E. Rice appeals the trial court's judgment entry granting Defendant-Appellee's Motion for a Directed Verdict
 {¶ 2} Defendant Appellee is Kidwell Tire Wholesale dba Wilfong Tire.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On October 26, 2001, Appellant Sandy Rice, accompanied by her grandson, went to Appellee's place of business located in Martinsburg, Ohio, to purchase tires. Appellant purchased two tires. Subsequent to such purchase, Appellant left Appellee's business office and walked across the parking lot toward where her car was parked. According to Appellant, she stepped into a 3 to 4 inch deep hole and fell. She claims that she could not see the hole because it was covered by leaves. Appellant claims the parking lot was covered with leaves.
 {¶ 4} Appellant never notified Appellee of her fall. Appellant proceeded to have the newly purchased tires installed on her car. As a result of her fall, Appellant suffered injuries and incurred medical expenses.
 {¶ 5} On January 28, 2003, Appellant filed a Complaint for personal injury against Appellee.
 {¶ 6} On February 27, 2003, Appellee filed its Answer.
 {¶ 7} On July 24, 2004, the matter proceeded to trial.
 {¶ 8} At trial, Appellant presented pictures that she had taken of Appellee's parking lot, showing numerous holes, none of which were covered by leaves. She claims that the leaves must have blown away in the interim. Appellant conceded that had the hole she stepped into not been covered by leaves, it would have been an open and obvious danger. Her position was, however, that such hole was covered by leaves and she could not see it.
 {¶ 9} At the close of the Plaintiff-Appellant's case, Defendant-Appellee moved for directed verdict, pursuant to Civ.R. 50, on the basis that Appellant did not present any evidence to show that Appellee had actual or constructive notice of a latent condition or defect, that being the leaf-covered hole. After hearing argument from both parties, the trial court granted Defendant-Appellee's motion.
 {¶ 10} Appellant now appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 11} "I. Trial court erred in granting the defendant's motion for directed verdict.
 I. {¶ 12} Appellant argues that the trial court erred in granting a directed verdict at the close her case. We disagree.
 {¶ 13} Civ.R. 50 addresses when a motion for a directed verdict should be granted on the evidence. This rule states:
 {¶ 14} "(A) * * *
 {¶ 15} "(4) When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 16} Under Civ.R. 50(A) and (B), the standard of review of a ruling on a motion for a directed verdict is as follows:
 {¶ 17} "The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination * * *." Posin v. A.B.C. MotorCourt Hotel, Inc. (1976), 45 Ohio St.2d 271, 275, 344 N.E.2d 334.
 {¶ 18} This "reasonable minds" test calls upon a court to determine only whether there exists any evidence of substantial probative value in support of the claims of the non-moving party. Wagner v. RocheLaboratories (1996), 77 Ohio St.3d 116, 119-120, 671 N.E.2d 252. Our review of the trial court's disposition of these motions is de novo.Dramble v. Marc W. Lawrence Bldg. Corp., Stark App. Nos. 2001CA00332, 2002CA00337, 2002-Ohio-4752, at ¶ 17.
 {¶ 19} A motion for a directed verdict tests the sufficiency of the evidence, not the weight of the evidence or the credibility of witnesses. Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116, 119-120,671 N.E.2d 252. When the party opposing the motion has failed to produce any evidence on one or more of the essential elements of a claim, a directed verdict is appropriate. Hargrove v. Tanner (1990),66 Ohio App.3d 693, 695, 586 N.E.2d 141.
 {¶ 20} A successful negligence claim requires a plaintiff to prove: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See Texler v.D.O. Summers Cleaners (1998), 81 Ohio St.3d 677, 680, 693 N.E.2d 217, 274;Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616;Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,472 N.E.2d 707.
 {¶ 21} Whether a defendant owed a plaintiff a duty is a fundamental aspect of establishing actionable negligence. Jeffers, supra. As theJeffers court stated:
 {¶ 22} "`* * * If there is no duty, then no legal liability can arise on account of negligence. Where there is no obligation of care or caution, there can be no actionable negligence.' (Footnotes omitted.) 70 Ohio Jurisprudence 3d (1986) 53-54, Negligence, Section 13. Only when one fails to discharge an existing duty can there be liability for negligence." Id., 43 Ohio St.3d at 142, 539 N.E.2d 614; see, also,Strother, supra.
 {¶ 23} In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. See, e.g., Gladon v. Greater Cleveland Regional Transit Auth.
(1996), 75 Ohio St.3d 312, 315, 662 N.E.2d 287, 291; Shump v. FirstContinental-Robinwood Assocs. (1994), 71 Ohio St.3d 414, 417,644 N.E.2d 291, 294. A business premises owner or occupier possesses the duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, such that its business invitees will not unreasonably or unnecessarily be exposed to danger. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 203, 480 N.E.2d 474, 475. A premises owner or occupier is not, however, an insurer of its invitees' safety. See id. While the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, see Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 358,390 N.E.2d 810, 812, invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See, e.g., Brinkman v. Ross
(1993), 68 Ohio St.3d 82, 84, 623 N.E.2d 1175, 1177; Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. As the court stated in Sidle:
 {¶ 24} "An owner or occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Id., paragraph one of the syllabus. When the open and obvious doctrine applies, it obviates the duty to warn and acts as a complete bar to any negligence claim. Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 13.
 {¶ 25} Additionally, in a slip and fall case against an owner or occupier, "the plaintiff must show that the defendant had, or in the exercise of ordinary care should have had, notice of the hazard for a sufficient time to enable him, in the exercise of ordinary care, to remove it or warn patrons about it." Presley v. Norwood (1973),36 Ohio St.2d 29, 31, 303 N.E.2d 81 (citing Anaple v. Standard Oil Co.
(1955), 162 Ohio St. 537, 127 N.E.2d 128; Johnson v. Wagner ProvisionCo. (1943), 141 Ohio St. 584, 49 N.E.2d 925).
 {¶ 26} Upon review of the record, we do not find that the trial court committed error in granting Appellee's motion for directed verdict. The transcript reveals that appellant failed to present any evidence that Appellee had actual or constructive notice that a hazard existed in the form of a leaf covered hole in its parking lot. Furthermore, if the hole was not covered with leaves, Appellee had no duty to warn because such would have been an open and obvious danger.
 {¶ 27} Appellant's sole assignment of error is overruled.
 {¶ 28} The decision of the Knox County Court of Common Pleas is affirmed.
Boggins, P.J., Gwin, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas, Knox County, Ohio, is affirmed. Costs assessed to appellant.